E. P. SCHLEGEL, Plaintiff and Appellant, *v.* SHERMAN MOORHEAD, Defendant and Respondent.

No. 14166.
Submitted June 28, 1978.
Decided July 25, 1978.
Rehearing Denied Aug. 24, 1978.
582 P.2d 336.

Smith, Emmons, Baillie & Walsh, Great Falls, Forrest H. Anderson, Helena, for plaintiff and appellant.

Frisbee, Moore & Epstein, Cut Bank, for defendant and respondent.

MR. CHIEF JUSTICE HASWELL delivered the opinion of the Court.

This is an action for damages for the alleged breach of a written contract for the sale of an oil and gas lease. The same contract was the subject of previous litigation between these same parties. In *Schlegel v. Moorhead* (1976), 170 Mont. 391, 553 P.2d 1009, this Court unanimously affirmed dismissal of Schlegel's complaint for specific performance. The facts which gave rise both to this appeal and the prior case are articulated in detail in our previous opinion and will not be repeated here.

In affirming the dismissal of the original complaint for specific performance, we agreed with the District Court's finding of fact that enforcement of the option would be unjust and unreasonable because of inadequacy of the proposed consideration and because Schlegel failed to divulge on Moorhead's inquiry, information known to him indicating that the value of the lease was far in excess of the amount he had offered for it. We cited section 17-808, R.C.M.1947, which provides that specific performance cannot be enforced against a party under such circumstances. In the case on appeal, Schlegel seeks to secure through an action for damages that which he was denied in the earlier case for specific performance.

In support of his position that an action for damages can be prosecuted by him, Schlegel cites several authorities to the effect that where a plaintiff brings a suit in equity for the specific performance of a contract and judgment is given for the defendant for a reason applicable only to the equitable remedy the plaintiff is not precluded from maintaining an action at law for money damages. We conclude that Schlegel's reliance on these authorities is misplaced in this appeal because the legal deficiencies of inadequate consideration and lack of consent (present here because Moorhead's assent was obtained by concealment) are equally applicable

to bar the enforcement of the contract at law as in equity. Section 13-102, R.C.M.1947. Consequently, we hold that this appeal should be summarily dismissed.

■ In order to completely dispose of all the issues presented on this appeal, however, we cannot conclude this opinion without first addressing one further point raised in the briefs submitted by counsel for Schlegel. This appeal was brought from an order of the District Court granting a motion submitted by Moorhead and captioned "Motion to Dismiss or Alternatively for Summary Judgment." In granting the motion, the District Court phrased its order only in terms of a motion to dismiss for failure to state a claim rather than in terms of a motion for summary judgment.

Appellant points out that the briefs in support of the alternative motion were primarily based on the argument that our prior decision was res judicata on the matter of the enforceability of the contract, and argues that since res judicata is specifically enumerated in Rule 8(c), M.R.Civ.P., as an affirmative defense to be raised in a responsive pleading, it was reversible error for the District Court to have ordered dismissal in terms of a Rule 12, M.R.Civ.P. motion to dismiss. Appellant concedes that the question of res judicata could properly have been considered by the court if it had treated the alternative motion as one for summary judgment, but contends that it chose not to do so. We conclude that regardless of how the order was phrased, since the record discloses no basis for the action on the merits, the trial court's order constitutes a grant of summary judgment and shall be given effect as such.

Affirmed.

MR. JUSTICES DALY, SHEA and SHEEHY concur.