No. 85-17

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

DALE C. BEDFORD,

      Plaintiff and Appellant,

  -vs-

E. E. JORDEN, individually and
d/b/a MOORE LANE VETERINARY
HOSPITAL,

      Defendants and Respondents.

_____

APPEAL FROM:  District Court of the Thirteenth Judicial District,
              In and for the County of Yellowstone,
              The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Ziskind Law Firm, Billings, Montana

      For Respondents:

          Moulton, Bellingham, Longo & Mather, Billings,
          Montana

_____

Submitted on Briefs:  March 14, 1985

Decided:  April 30, 1985

Filed:   APR  1985

_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a summary judgment granted in the District Court of the Thirteenth Judicial District of the State of Montana, the Honorable Diane G. Barz presiding, in and for the County of Yellowstone. We affirm.

This action was brought by Dale C. Bedford, appellant, on an amended complaint on two counts seeking special damages in the amount of $750, unspecified general damages, and $50,000 in punitive damages against E. E. Jorden, a Billings, Montana veterinarian and his partnership. The first count of complaint alleges that the defendant, Dr. Jorden, willfully or by gross negligence broke, or allowed to be broken a wing of a parrot belonging to the appellant, Bedford. The second count alleges that Dr. Jorden and his business willfully, wantonly or maliciously failed to provide adequate care for the parrot. The defendant, Dr. Jorden, denied any negligence or basis for liability.

The District Court entered a judgment in favor of the defendant, E. E. Jorden and his partnership, after Bedford failed to appear in a court-ordered pretrial conference; failed to appear at the hearing on summary judgment; and failed to respond in any fashion to the merits of Jorden's motion for summary judgment until two weeks after the properly scheduled hearing, and after the entry of judgment. The appellant moved to set aside the judgment, but did not file any response to the motion on the merits until after a hearing on the motion to set aside the judgment was held. The District Court denied the appellant's motion to set aside the judgment, he now appeals.

2

The issue presented on review is whether the District Court abused its discretion in entering judgment in favor of the defendant, Jorden.

The facts involved an orange-winged Amazon parrot, purchased by the appellant in May of 1982, for the sum of $200. The bird's name was Jigs, and according to his description, was a beautiful bird in a gilded cage. Shortly after he was purchased from the Animal Farm Pet Store in Billings, he evidenced signs of illness and was taken to the defendant's veterinary clinic for treatment. The defendant is a practicing veterinary surgeon in the Billings, Montana area and according to the testimony, had experience with the treatment of birds. The bird was examined at the clinic by Dr. Jorden. As part of his examination, Dr. Jorden drew a blood sample from the bird to determine the cause of the illness. According to the allegations, during this procedure the parrot struggled and broke a bone in its wing. The wing was splinted and set, and the parrot was given antibiotics. Bedford was informed of what had occurred and was given instructions for the bird's subsequent care.

A short time after Bedford took the bird home, the bird showed no signs of improving, and the appellant returned the bird to Dr. Jorden. A few days into the bird's second stay at the clinic, it was found dead in its cage at the veterinary hospital.

Bedford failed to pay the veterinary bill and after several months, his account was assigned to a credit bureau which began collection procedures. It was at that time Bedford brought his lawsuit. Bedford never complained about the treatment the bird had received until after the lawsuit was filed, almost a year after the bird had been treated.

3

In the exchange of interrogatories, appellant's counsel took four depositions; Bedford's counsel took none. The action was set for trial on October 29, 1984. Prior to trial, the District Court set a pretrial conference on the matter for August 2, 1984. Neither Bedford nor his counsel appeared for the pretrial conference as ordered. On August 21, 1984, some nineteen days after the matter had been set for pretrial, counsel for Dr. Jorden moved for summary judgment and gave notice for hearing on September 6, 1984. Again neither Bedford nor his counsel appeared for the hearing on summary judgment. The matter was delayed for one-half hour on the day set for hearing when neither appellant nor his counsel appeared, and the motion for summary judgment was granted.

Notice of the summary judgment of September 6, 1984, was sent to the appellant and his counsel. Five days later the appellant moved to set aside the judgment. Appellant did not file any kind of opposition to the merits on the motion for summary judgment. The record indicates the memorandum in opposition to summary judgment was not filed until September 20, 1984, after the court had heard oral argument on the motion to set aside the summary judgment. In addition, it is interesting to note that this Court on February 20, 1985 issued an order directing the appellant to file and serve a written statement showing good cause for his failure to file a brief as required by the rules of this Court. Once again, the appellant ignored the judicial machinery and slept on his rights. Our file reveals appellant's counsel stated that reason for the lateness of their brief was due to changes in office personnel. Counsel for respondent notes and the file indicates that appellant's counsel used the same excuse for

4

failing to appear for the pretrial conference and for failing to appear for the hearing on summary judgment.

Several reasons were given by the trial court for disposing of this case at the trial level. The court indicates in its judgment, that it reviewed the record, including the appellant's motion, brief, affidavit, and the record as a whole, and found that summary judgment was well warranted. The court noted, and we concur, that the facts in the record indicate that there was no genuine issue of material fact to show that Dr. Jorden was not entitled to summary judgment. The interrogatories and depositions of all witnesses, including the appellant, indicate that there was no evidence produced that would establish a prima facie case of negligence, let alone intentional cruelty or inhumanity to animals. In our opinion, after reviewing the facts presented in the briefs and the file, there have been few cases to come before this Court that have had less merit than the case at bar.

In a long series of cases concerning the handling of summary judgment matters, this Court has held summary judgment is not generally favored and courts should strive to allow parties to a lawsuit to have their day in court. However, this Court has also held that a party who ignores the judicial system and slumber on his rights, does so at his peril. See Johnson v. Murray (Mont. 1982), 656 P.2d 170, 39 St.Rep. 2257; Pretty on Top v. City of Hardin (1979), 182 Mont. 311, 597 P.2d 58; Dudley v. Stiles (1963), 142 Mont. 566, 386 P.2d 342; Schalk v. Bresnahan (1960), 138 Mont. 129, 354 P.2d 735.

The judgment of the District Court is affirmed.

_John Conway Harrison_
Justice

We concur:

_____

_____

_____ John G. Shelby

_____ L. C. Gulbrandson .
Justices