No. 87-22

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

CARL C. PAYNE,

         Plaintiff and Appellant,

   -vs-

ALAN STRATMAN; WESLEY KROEKER;
BRIAN KROEKER; ABIE W. JANSEN;
JERRY HERZENBERG; H.H. CHAMPLIN;
JOHN REGIER; All General Partners
of and doing business as GOLDEN
EAGLE LAND COMPANY, an Oklahoma
General Partnership; SECURITY BANK,
N.A.; JAMES STRATMAN,

        Defendants and Respondents.

---

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    Gerald J. Neely, Billings, Montana

    For Respondent:

        Wright, Tolliver & Guthals; K.D. Tolliver, (Golden
Eagle Land), Billings, Montana
Herndon, Harper & Munro; Rodney T. Hartman, (Security
Bank), Billings, Montana
Anderson, Edwards & Molloy; A. Clifford Edwards
(Stratman), Billings, Montana

---

Submitted on Briefs:  Aug. 27, 1987

Decided:  December 16, 1987

Filed:  DEC 16 1987

                      Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Plaintiff Carl C. Payne appeals an order from the Thirteenth Judicial District, Yellowstone County, granting summary judgment in favor of defendants. We affirm.

Two issues are presented for our review:

1. Did the District Court err when it granted summary judgment in favor of defendants Golden Eagle Land Company and Security Bank?

2. Did the District Court err when it granted summary judgment in favor of defendant James Stratman?

On November 3, 1975, Carl C. Payne, a licensed Montana real estate broker, entered into a written listing agreement with Golden Eagle Land Company, an Oklahoma general partnership (Golden Eagle), to sell the Larb Hills Ranch (Ranch). The Ranch is located in Phillips County. Upon sale, Payne was to receive a 6 percent commission. On July 7, 1976, Golden Eagle entered into a contract for deed with purchasers R. L. Nelson, Gordon B. Carlson and Melvin J. Ganshop. The contract for deed required the purchasers to buy $100,000 of certificates of deposit (certificates). The certificates were to be deposited with an escrow agent, defendant Security Bank. The escrow instructions required the bank to transfer the certificates to seller Golden Eagle in the event of default.

The escrow instructions also required the Bank to pay appellant Payne's commission in installments contingent upon contract payments. Payne was paid $34,000 following the August 1, 1976, payment by purchasers.

In February 1977 Golden Eagle approached the Bank about securing a loan. The Bank responded favorably but required the certificates as collateral. Following negotiations,

Payne and Golden Eagle entered into a written agreement subordinating their interest in the certificates.

In November 1977 the purchasers defaulted. Pursuant to the subordination agreement, appellant did not receive a commission. Appellant Payne subsequently brought an action against the Bank and Golden Eagle seeking recovery of the real estate commission.

Payne also brought an action against James Stratman. Stratman had assisted Payne in finding the purchasers. Earlier Payne had entered into a contract with Stratman to divide the commission, with $10,200 paid to Stratman. Payne claimed that Stratman falsely represented that he was a licensed Colorado real estate broker. Payne alleged fraud and false representation and sought cancellation of commission splitting agreement and return of monies previously paid and a statutory penalty. Section 37-51-323, MCA. Golden Eagle counterclaimed against appellant Payne for the return of the $34,000 real estate commission.

On October 9, 1980, the District Court granted summary judgment to defendant Golden Eagle. Six years later, on August 12, 1986, the District Court granted summary judgment to James Stratman and to Payne on Golden Eagle's counterclaim.

Issue 1

Did the District Court err when it granted summary judgment in favor of defendants Golden Eagle and Security Bank?

On May 13, 1980, Golden Eagle moved for summary judgment on Payne's complaint. Payne failed to respond with brief or affidavit by November 9, 1980, and the District Court granted Golden Eagle's motion. Affidavits placed on record by Golden Eagle imposed upon Payne the duty of raising

3

a genuine issue of material fact. Kronen v. Richter (Mont. 1984), 683 P.2d 1315, 1317, 41 St.Rep. 1312, 1315. We have consistently held that when the moving party adequately supports a motion for summary judgment, the burden shifts to the opposing party to present the court with evidence sufficient to raise a genuine issue of material fact. National Gypsum Co. v. Johnson (1979), 182 Mont. 209, 212, 595 P.2d 1188, 1189; Rule 56(c), M.R.Civ.P.

Rule 56(e), M.R.Civ.P., provides in pertinent part:

> . . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise in this rule, must set forth specific facts showing that there is a genuine issue for trial. *If he does not so respond, summary judgment, if appropriate, shall be entered against him.* [Emphasis added.]

Clearly Payne failed to come forward with a material issue of fact. Earlier we held that when a party moves for summary judgment and the opposing party fails to respond, summary judgment is proper. "[A] party who ignores the judicial system and slumbers on his rights, does so at his own peril." Bedford v. Jordan (Mont. 1985), 698 P.2d 854, 856, 42 St.Rep. 589, 592.

On November 11, 1980, nearly a month after summary judgment was granted, Payne filed a responsive brief. Payne contends that affidavits in opposition were unavailable. Therefore, Payne argues the court erred when it failed to grant a continuance pursuant to Rule 56(f), M.R.Civ.P.

A review of the record does not support Payne's argument. Payne could have, but failed to, file (1) a responsive brief, (2) an attorney affidavit or (3) affidavits pursuant to Rule 30(e), M.R.Civ.P. Further, the record clearly

4

indicates that Payne's commission was contingent on the failed November 1, 1977, payment and that Payne voluntarily subordinated his right to a commission. The District Court properly awarded summary judgment against Payne.

Issue 2

Did the District Court err when it granted summary judgment in favor of defendant James Stratman?

On August 1, 1976, appellant Payne paid Stratman $10,200 pursuant to a written fee-splitting agreement. On December 19, 1978, two years and four months later, Payne filed a complaint against Stratman. Payne alleged that Stratman had misrepresented himself as a licensed Colorado real estate broker in violation of § 37-51-323, MCA. Payne sought: (1) cancellation of the fee-splitting agreement; (2) return of the commissions paid; and (3) a statutory penalty. Stratman responded by affidavit that he had not represented himself as a licensed real estate broker. Stratman also moved for summary judgment.

Following hearing, the District Court, on December 13, 1983, granted Stratman's motion for summary judgment. The court held the applicable statute of limitations for a cause of action under the Real Estate Licensing Act is two years, pursuant to § 27-2-211, MCA. The court found that Payne's complaint was filed over two years after the alleged tort.

Payne contends that Stratman's alleged misrepresentation constitutes an active concealment of a material fact. Therefore, the statute of limitations should be tolled. Much v. Sturm, Ruger & Co. (D. Mont. 1980), 502 F.Supp. 743, 745.

We have consistently held that in non-malpractice tort actions, the statute of limitations begins to run on the date of plaintiff's injury. Kerrigan v. O'Meara (1924), 71 Mont. 1, 7, 227 P. 819, 821. "[T]he fact that a party with a cause

5

of action has no knowledge of his rights, or even the facts out of which the cause arises, does not delay the running of the statute of limitations until [the party] discovers the facts or learns of his rights under those facts." Bennett v. Dow Chemical (Mont. 1986), 713 P.2d 992, 994, 43 St.Rep. 221, 224, citing Carlson v. Ray Geophysical Division (1971), 156 Mont. 450, 454, 481 P.2d 327, 329. In a non-malpractice negligence action, there must be an affirmative act committed by the defendant and the affirmative act must be calculated to obscure the existence of a cause of action. Much, 502 F.Supp. at 745.

We do not agree that Stratman's alleged misrepresentation is an affirmative act calculated to obscure Payne's cause of action. A review of the record reveals that Stratman denied, by affidavit, making such a representation to Payne. Secondly, Payne made no attempt to corroborate Stratman's alleged representation. Clearly, Payne's allegations do not constitute evidence sufficient to toll § 27-2-211, MCA. See, Yellowstone Conference of the United Methodist Church v. D. A. Davidson, Inc. (Mont. 1987), 741 P.2d 794, 798, 44 St.Rep. 1528, 1532.

Finally, but not determinative to this issue, Payne himself was in violation of the Real Estate Licensing Act. "It is unlawful for a licensed broker to employ or compensate, directly or indirectly, a person for performing the acts regulated by this chapter who is not a licensed broker or licensed salesman. . . ." Section 37-51-306(1), MCA. We have long held that one cannot benefit from his own wrong. Roundup Cattle Feeders v. Horpstad (1979), 184 Mont. 480, 485, 603 P.2d 1044, 1047; § 1-3-208, MCA.

We hold the District Court properly entered judgment in favor of defendants. Affirmed.

_____
Chief Justice

We concur:

_John Conway Harrison_

_William E. Hunt_

_John C. Sheehy_

_R. C. McDonough_
Justices

7