No. 87-558

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

AMERICAN MEDICAL OXYGEN CO.,
a Montana corporation,

            Plaintiff and Appellant,

     -vs-

MONTANA DEACONESS MEDICAL CENTER,
et al.,

            Defendants and Respondents.

---

APPEAL FROM:   District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Philip P. McGimpsey, Billings, Montana

     For Respondent:

          Ugrin, Alexander, Zadick & Slovak; Neil E. Ugrin,
          Great Falls, Montana

---

                         Submitted on Briefs:   March 31, 1988

                              Decided:  May 26, 1988

Filed:     MAY 2 6 1988

                         *Ethel M. Harrison*
     _____
                         Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

Plaintiff American Medical Oxygen Co. (American) appeals from an order of the District Court of the Eighth Judicial District, Cascade County, granting summary judgment in favor of defendants Montana Deaconess Medical Center (Deaconess) and Spectrum Medical Supply, Inc. (Spectrum), as to claims based on Montana antitrust law, and dismissing the remainder of American's complaint. We affirm.

American presents only one issue for review by this Court:

Did the District Court abuse its discretion by failing to decide both plaintiff's and defendants' motions to dismiss when it granted defendants' motion for summary judgment?

American is in the business of providing medical oxygen supplies and home oxygen care. Spectrum, a wholly-owned subsidiary of Deaconess is in competition with American, providing oxygen supply systems to private residences and other locations.

On August 8, 1986, American filed a complaint against Deaconess and Spectrum containing essentially four counts:

1. tortious interference with an established business relationship,

2. violation of state and federal antitrust laws,

3. unfair use of Deaconess's tax-exempt status under the Internal Revenue Code, and

4. violation of the "Anti-kickback Provision" of the Social Security Act.

The complaint sought an injunction against Spectrum prohibiting it from doing business, as well as economic and punitive damages.

2

On April 6, 1987, Deaconess and Spectrum filed "Defendants' Motion to Dismiss, or, Alternatively, For Summary Judgment" as to Counts Two, Three and Four of the complaint. The supporting memorandum cited lack of jurisdiction over claims brought under federal law, failure to state a claim upon which relief can be granted and lack of standing as grounds for dismissal or summary judgment.

American did not file a brief or memorandum in response to the motion, but instead filed "Plaintiff's Voluntary Motion to Dismiss Complaint" on July 9, 1987. American's motion sought to have the entire complaint dismissed without prejudice.

On September 2, 1987, after hearing oral argument District Judge Thomas M. McKittrick rendered an order dismissing Count One of American's complaint and all other claims based on federal law, and granting summary judgment in favor of Deaconess and Spectrum on American's state antitrust claims.

On appeal, this Court is asked to determine whether the District Court abused its discretion in proceeding as it did. The District Court's judgment, when based on substantial credible evidence, will not be altered unless a clear abuse of discretion is shown. In re Marriage of Stewart (May 9, 1988), No. 87-519, slip op. at 3-4, citing In re Marriage of Watson (Mont. 1987), 739 P.2d 951, 954, 44 St.Rep. 1167, 1170.

American argues in its brief that the judge was in error when he "failed to decide both the defendants' and plaintiff's Cross-Motions to Dismiss prior to reaching the defendants' alternative Motion for Summary Judgment." (Emphasis in the original.) American states, without citing authority, there were in effect three motions before the District Court and those motions had an order of priority;

3

i.e., the judge should have decided Deaconess and Spectrum's motion to dismiss first, American's voluntary motion to dismiss second and Deaconess and Spectrum's motion for summary judgment third, the net effect being the dismissal of the entire complaint without prejudice. We do not agree.

The motion filed by Deaconess and Spectrum asserted that American had failed to state a claim upon which relief can be granted. The supporting memorandum detailed the factual bases for this defense, accompanied by attached affidavits and other exhibits. Under the Montana Rules of Civil Procedure, a motion to dismiss that raises the failure to state a claim as a defense, and presents factual matters outside the pleading, "shall be treated as one for summary judgment and disposed of as provided in Rule 56. . . ." M.R.Civ.P. 12(b).

American's brief makes much of the assertion that the caption "Defendants' Motion to Dismiss, or, Alternatively, For Summary Judgment" means the primary motion made by Deaconess and Spectrum was one for dismissal, and the request for summary judgment was secondary. This characterization, however, is at variance with the application of Rule 12(b). In Schlegel v. Moorhead (1978), 177 Mont. 456, 582 P.2d 336, this Court reviewed a district court order granting a motion with a caption identical to the one at issue here. The order, however, was phrased only in terms of granting a motion to dismiss for failure to state a claim. On review, rather than simply looking to the title and phrasing of the motion and order, this Court looked to the record to determine what effect the motion had on the case. The opinion stated, "regardless of how the order was phrased . . . the trial court's order constitutes a grant of summary judgment and shall be given effect as such." Schlegel, 582 P.

4

2d at 338. In this case, Rule 12(b) dictates the motion be given the effect of requesting summary judgment.

At the hearing on July 29, therefore, the court was presented with not three, but two motions. In chronological order, they were the motion filed by Deaconess and Spectrum, to be treated as a motion for summary judgment under Rule 12(b), and American's motion to dismiss.

The court's course in ruling on the summary judgment motion is supported by applicable law. As of the hearing date, American had not responded to the summary judgment motion. The court was thus presented with a situation governed by Rule 56(e), which states,

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

M.R.Civ.P. 56(e); Payne v. Stratman (Mont. 1987), 747 P.2d 210, 44 St.Rep. 2059, citing Bedford v. Jordan (Mont. 1985), 698 P.2d 854, 42 St.Rep 589. The court could not address the claims in American's complaint that were based on federal law, because it was without jurisdiction, and a judgment on those claims would therefore have been void. In re Marriage of Kraut (Mont. 1985), 696 P.2d 981, 42 St.Rep. 268. However, the court had full jurisdiction over the state antitrust claims under § 30-14-222, MCA, and proceeded to rule on the motion as it applied to those claims. The court then turned to American's motion to dismiss its complaint without prejudice, which it granted as to the claims not subject to summary judgment.

5

Contrary to American's assertions on appeal, the District Court properly addressed all motions before it at the hearing. We conclude that there was no abuse of discretion in this case.

We affirm the decision of the District Court.


_____
Justice

We Concur:

_____
_____
_____
_____
Justices