No. 89-088

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

JACK JOYNER,

                Plaintiff and Appellant,

      -vs-

JOHN ONSTAD, and GALLATIN COUNTY,
a political subdivision of the
State of Montana,

                Defendants and Respondents.

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas Olson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Jack Joyner, pro se, Belgrade, Montana

    For Respondent:

        A. Michael Salvagni, County Attorney; Marty Lambert,
        Deputy County Atty., Bozeman, Montana

Submitted on Briefs: Oct. 25, 1989

Decided: December 21, 1989

Filed:

_____
Clerk

FILED
'89 DEC 21 PM 12 06
ED SMITH, CLERK
MONTANA SUPREME COURT

Justice Diane G. Barz delivered the Opinion of the Court.

Plaintiff, Jack Joyner, appeals the decision of the District Court of the Eighteenth Judicial District, Gallatin County, granting defendants' motion for summary judgment. We affirm.

Gallatin County hired Joyner on November 12, 1984 to work as a jailer in the Gallatin County Detention Center. On May 10, 1985, Joyner broke regulations by entering the cell of a female prisoner without being accompanied by another employee. A fight ensued between Joyner and the female prisoner. As a result of this incident, Gallatin County Sheriff John Onstad suspended Joyner's employment, pending an investigation of the incident.

After completing the investigation, Sheriff Onstad, by written notice dated May 20, 1985, terminated Joyner's employment because he improperly entered a prisoner's cell and because of his abusive behavior. Joyner appealed his dismissal to the State Department of Labor and Industry on January 31, 1986. After a telephone hearing, the appeals division for the department sustained Joyner's dismissal as proper by written order dated March 17, 1986. The Gallatin County Board of County Commissioners subsequently voted unanimously to uphold Joyner's termination.

On February 27, 1987, Joyner filed a complaint in the District Court of the Eighteenth Judicial District, Gallatin County. In Count II, Joyner alleged that Sheriff Onstad and Gallatin County wrongfully discharged him and that they had breached the implied duty of good faith and fair dealing. Joyner then requested compensatory, punitive and exemplary damages, costs of the suit, and for such other and further relief as "may be met in the premises." The court set a jury trial for December 19, 1988. On November 23, 1988, Sheriff

2

Onstad and Gallatin County filed a motion for summary judgment along with a supporting brief.

On November 30, 1988, this matter came before the District Court for hearing on pre-trial motions. Joyner requested an additional week--until December 6, 1988--to reply to the summary judgment motion. On December 6, 1988, Joyner failed to file a written response before the hearing. The court, however, did hear Sheriff Onstad's and Gallatin County's arguments in support of the motion for summary judgment. Joyner claimed that his response would be typed December 6, 1988 and submitted to the court. The court allowed Joyner to file a written response and ordered that the matter would be taken under advisement at 5:00 p.m. on December 6, 1988. Joyner never filed a response.

On December 12, 1988, the District Court granted Sheriff Onstad's and Gallatin County's motion for summary judgment for the reason that Joyner failed to file an opposing brief. Judgment was entered against Joyner on December 20, 1988. Joyner appeals.

The sole issue raised on appeal is whether the District Court erred in granting Sheriff Onstad's and Gallatin County's motion for summary judgment.

Summary judgment is appropriate when no genuine issue exists as to any material facts and the moving party is entitled to a judgment as a matter of law. Rule 56(c), M.R.Civ.P. The burden first rests with the moving party, who may rely upon pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, to establish that no genuine issue exists as to any material facts. Rule 56(c), M.R.Civ.P. The burden then shifts to the party opposing the motion. Bills v. Hannah, Inc. (Mont. 1988), 749 P.2d 1076, 1079, 45 St.Rep. 179, 182. The rule specifically provides that the adverse party

3

> may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Rule 56(e), M.R.Civ.P.

In the present case, Sheriff Onstad and Gallatin County relied upon § 2-9-111, MCA, and Bieber v. Broadwater County (Mont. 1988), 759 P.2d 145, 45 St.Rep. 1218, to argue to the District Court, both orally and in writing, that they had immunity from Joyner's suit and that their motion for summary judgment should be granted. Joyner, on the other hand, did not deny nor rebut defendants' arguments. Joyner also did not set forth any facts showing that a genuine issue existed for trial. The District Court had before it the pleadings, the decision of the Montana Department of Labor and Industry, and portions of the interrogatories. The court also held a hearing in which Joyner failed to argue, either orally or in writing, that Sheriff Onstad's and Gallatin County's motion for summary judgment should be denied.

The District Court did not err in granting Sheriff Onstad's and Gallatin County's motion for summary judgment in light of Rule 56(e), M.R.Civ.P. As stated before, this rule provides that summary judgment, if appropriate, shall be entered for the movant if the opposing party does not respond and set forth specific facts showing that a genuine issue exists as to a material fact. Merely because the District Court did not state specifically that "there is no genuine issue as to any material fact" does not warrant a reversal of the District Court's decision. Furthermore, Joyner did not rebut nor deny Sheriff Onstad's and Gallatin County's motion

4

for summary judgment nor did he set forth facts showing that there is a genuine issue of material fact for trial. The record supports the District Court's determination that no genuine issue exists as to any material fact.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices