No. 98-614

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 264

296 Mont. 425

989 P.2d 399

STATE OF MONTANA,

Plaintiff and Respondent,

v.

DEBRA D. KOBER,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,

In and for the County of Gallatin,

Honorable Michael C. Prezeau, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

Daniel P. Buckley, Berg, Lilly, Andriolo & Tollefsen, P.C.,

Bozeman, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Micheal Wellenstein,

Assistant Attorney General; Helena, Montana

Marty Lambert, County Attorney, Bozeman, Montana

Submitted on Briefs: October 14, 1999

Decided: November 2, 1999

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶ **In proceedings before the Eighteenth Judicial District Court, Gallatin County, Debra Kober pled guilty to four counts of felony theft and five counts of misdemeanor failure to properly report income tax. She appeals two aspects of the sentence imposed. We affirm.**

¶ **The issues are:**

¶ 1. Whether the District Court properly ordered Kober to compensate Montana State University for its investigative efforts; and

¶ 2. Whether the court properly denied Kober's request for credit against restitution for tax monies she paid to the Montana Department of Revenue.

¶ Debra Kober worked for the Student Health Service at Montana State University from October 1979 to December 1996. Her job included collecting all of the cash payments made to the Student Health Service, compiling daily deposits, and taking them to the University's business office. An investigation which began in 1996 revealed that Kober was stealing cash from the Student Health Service.

¶ In January 1998, the State charged Kober with five counts of felony theft, for five different time periods between 1984 and 1996. The parties later stipulated that Kober had taken a total of $189,773 from the Student Health Service. Because the money Kober stole was taxable income which she and her husband failed to report on their taxes, she was also charged with failing to properly report income for purposes of state income tax, in five counts correlating to the time frames set forth in the theft counts against her.

¶ Kober pled guilty to all of the counts of failure to report income for tax purposes, and to all but one of the felony theft charges. She was sentenced to six months in the Gallatin County Detention Center on each of the five counts of failure to pay income taxes, all suspended on the condition that she perform 250 hours of community service. On the first felony theft count, she was sentenced to serve five years under the supervision of the Montana Department of Corrections, with a recommendation that she serve at least six months of that time in prison. On the remaining counts of felony theft, Kober was given a total of thirty years' suspended sentence, with the condition that she pay restitution of $208,353--the $189,773 stipulated as the amount she had stolen, plus $18,620 in expenses incurred by Montana State University in its investigation of the thefts.

Issue 1

¶ Did the District Court properly order Kober to compensate Montana State University for its investigative efforts?

¶ Section 46-18-241(1), MCA, requires that district courts order offenders "to make full restitution to any victim of the offense who has sustained pecuniary loss as a result of the offense, including a person suffering an economic loss as a result of the crime." The amount of restitution ordered by the court is based in part upon the victim's pecuniary loss. Sections 46-18-242 and -244, MCA. Section 46-18-243(1), MCA, defines "pecuniary loss" as follows:

> (a) all special damages, but not general damages, substantiated by evidence in the record, that a person could recover against the offender in a civil action arising out of the facts or events constituting the offender's criminal activities, including without limitation the money equivalent of loss resulting from property taken, destroyed, broken, or otherwise harmed and out-of-pocket losses, such as medical expenses, loss of income, expenses reasonably incurred in obtaining ordinary and necessary services that the victim would have performed if not injured, expenses reasonably incurred in attending court proceedings related to the commission of the offense, and reasonable expenses related to funeral and burial or crematory services; and

> (b) reasonable out-of-pocket expenses incurred by the victim in filing charges or in cooperating in the investigation and prosecution of the offense.

¶ Kober argues that the use of the word "and" in the above definition of pecuniary loss requires that the district court must find that the victim's loss is both a "special damage" and "reasonable out-of-pocket expenses incurred by the victim in filing charges or in cooperating in the investigation and prosecution of the offense." She asserts that because the bulk of the investigative costs were not out-of-pocket expenses, but instead represented salaries and hourly wages that would have been incurred regardless of her actions, these costs were not pecuniary losses.

¶ A threshold problem with this argument is that Kober did not make the argument to the District Court. This Court has repeatedly held that a party may not change its theory on appeal from the one advanced in the district court and may not raise an argument for the first time on appeal. *See, e.g., State v. Anderson*, 1999 MT 60, ¶ 25, 293 Mont. 490, ¶ 25, 977 P.2d 983, ¶ 25. Accordingly, we decline to review Kober's argument regarding the definition of pecuniary loss and her claim that she was not responsible under the restitution statutes for paying the University the $18,620 cost of its investigative audit.

No

Issue 2

¶ **Did the court properly deny Kober's request for credit against restitution for tax monies she paid to the Montana Department of Revenue?**

¶ **This Court reviews the imposition of a criminal sentence for legality only.** *State v. Richards* **(1997), 285 Mont. 322, 324, 948 P.2d 240, 241. Our standard of review is whether the district court abused its discretion.** *Richards***, 285 Mont. at 324, 948 P.2d at 241.**

¶ **Kober and her husband sold their family home between the time she pled guilty to the charges against her and the date of her sentencing hearing. From the proceeds of that sale, $46,004.67 was paid to the Montana Department of Revenue to satisfy its lien for back income taxes.**

¶ **Kober argues that because these monies were then placed in the state general fund,**

from which Montana State University receives part of its funding, Montana State University will benefit from the back income taxes she paid. She asserts that in order to avoid a windfall to Montana State University, the court should have reduced her restitution obligation by $46,004.67. Kober cites cases from other states, and, from Montana, *State v. Fertterer* (1992), 255 Mont. 73, 841 P.2d 467, *overruled by State v. Gatts* (1996), 279 Mont. 42, 928 P.2d 114, for the propositions that restitution amounts should not provide the victim with unjust enrichment and should reflect offsets for payments which the victim has already received.

¶ **Kober suggests that the Student Health Service or Montana State University will be unjustly enriched if she does not receive an offset. She has not, however, established that any of the $46,004.67, let alone the entire amount, will actually benefit Montana State University or the Student Health Service. The director of the Student Health Service testified that it is supported from prepaid fees charged along with a student's tuition and fees for specific services provided to specific students. According to its director, the Student Health Service receives its operational funds through these fees, and not through the general fund. Therefore, Kober has not established that the $46,004.67 paid to the Department of Revenue will ever be distributed to her victim, the Student Health Service.**

¶ **Moreover, as the District Court recognized, if Kober eventually manages to pay off her entire restitution obligation, the amount will essentially represent an interest-free loan. In short, Kober has not established that the victim of her crimes will receive a windfall or be unjustly enriched as a result of the District Court's judgment. We hold that the District Court did not abuse its discretion in denying Kober's request for a credit against restitution.**

¶ **Affirmed.**

/S/ J. A. TURNAGE

We concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER