No. 01-762

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 35

MOUNTAIN WEST BANK, N.A.,

Plaintiff and Appellant,

v.

MINE AND MILL HYDRAULICS, INC.; GLENN CALDWELL;
CLIFTON W. HAYDEN, Successor Trustee; ANDERS FAMILY
TRUST; WILLIAM E. ANDERS; GRANT METZ; ALL POINTS
BUSINESS FINANCING, INC.; HELENA ABSTRACT AND TITLE
COMPANY; FIRST MONTANA TITLE COMPANY; STATE OF
MONTANA, DEPARTMENT OF LABOR AND INDUSTRY,
UNEMPLOYMENT INSURANCE DIVISION; STATE OF MONTANA,
EX REL STATE COMPENSATION INSURANCE FUND; STATE OF
MONTANA, DEPARTMENT OF REVENUE; STATE OF MONTANA,
COMMISSIONER OF THE DEPARTMENT OF LABOR AND INDUSTRY,
EMPLOYMENT LABOR AND INDUSTRY, EMPLOYMENT RELATIONS
DIVISION, EX REL, SAMUEL L. CASCADDAN; STATE OF MONTANA,
COMMISSIONER OF THE DEPARTMENT OF LABOR AND INDUSTRY,
EMPLOYMENT RELATIONS DIVISION, EX REL JOSEPH F. SALM;
STATE OF MONTANA, COMMISSIONER OF THE DEPARTMENT OF
LABOR AND INDUSTRY, EX REL, MARK A. RITTER; STATE OF TEXAS,
TEXAS WORK FORCE COMMISSIONER FOR UNEMPLOYMENT TAXES;
UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE; JOHN
DOES 1-10; JANE DOES 1-10; AND XYZ COMPANIES 1-10,

Defendants and Respondents,

and

TRUX, L.P.,

Defendant, Respondent and Cross-Appellant.

APPEAL FROM:    District Court of the First Judicial District,
                In and for the County of Lewis and Clark, Cause No. CDV-98-596,
                The Honorable Thomas C. Honzel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Jonathan Motl, Brenda Lindlief Hall, Reynolds, Motl and Sherwood, P.L.L.P., Helena, Montana

For Respondent All Points Business Financing, Inc.:

Clifton W. Hayden, Attorney at Law, Whitefish, Montana

For Respondent and Cross-Appellant Trux, L.P.:

John M. Kauffman, Kasting, Combs & Kauffman, P.C., Bozeman, Montana

Submitted on Briefs:  June 20, 2002

Decided:  February 27, 2003

Filed:

Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Appellant Mountain West Bank (MWB) filed a complaint against several defendants, including Respondents Mine and Mill Hydraulics, Inc. (Mine & Mill), All Points Business Financing, Inc. (All Points), and Trux, L.P. (Trux), in the First Judicial District Court, Lewis and Clark County. MWB's complaint sought to foreclose on items of Mine & Mill's real and personal property in which MWB held a security interest. MWB's complaint also requested monetary damages from Mine & Mill and its CEO Glenn Caldwell. The remaining defendants were included in the complaint because they held some type of interest in the property in dispute. MWB and All Points filed motions for summary judgment. The District Court granted summary judgment to both MWB and All Points, and MWB appeals. Trux cross-appeals the District Court's grant of summary judgment to MWB, as well as the District Court's denial of its motion to add a party to this action. We affirm in part and reverse in part the judgment of the District Court.

¶2 We restate the issues on appeal as follows:

¶3 1. Did the District Court err in granting All Points' motion for summary judgment?

¶4 2. Did the District Court err in granting Mountain West Bank's motion for summary judgment?

¶5 3. Did the District Court err in denying Trux's motion to add Montana Hydraulics as a party to this action?

3

## BACKGROUND

¶6 MWB made several commercial loans to Mine & Mill between 1993 and 1997. As collateral for the loans, MWB took a security interest in all of Mine & Mill's assets, including its accounts receivable, in November of 1993. On June 22, 1995, All Points executed a factoring agreement with Mine & Mill, in which All Points agreed to loan Mine & Mill money in exchange for a security interest in Mine & Mill's accounts receivable. To reconcile their competing security interests, All Points also signed a subordination agreement with MWB on June 22, 1995. The subordination agreement provided that MWB would subordinate to All Points its security interest in Mine & Mill's presently existing and after-acquired accounts receivable, up to $700,000.00.

¶7 On June 23, 1997, MWB made loan # 9869 to Mine & Mill for $75,000.00. As collateral for loan # 9869, Mine & Mill assigned a contract it had with Consolidated Rail Corporation (Conrail) to MWB. MWB contacted Conrail before accepting the assignment, and Conrail assured MWB that its contract with Mine & Mill was not assigned to any other party. The document acknowledging the assignment was not signed by All Points.

¶8 Generally, upon receipt of money from Mine & Mill's accounts receivable, MWB's practice was to telephone Mine & Mill's CEO Glenn Caldwell to discuss how the money should be applied. During June and July of 1997, Mine & Mill received $23,619.31 from Conrail. This money was applied to repayment of loan # 9869. Mine & Mill also received a series of additional payments from Conrail, which totaled approximately $66,000.00. This

4

additional money was deposited in Mine & Mill's checking account at MWB. Therefore, Mine & Mill and MWB received a total of approximately $89,000.00 from Conrail in 1997.

¶9 Throughout 1997, All Points also continued to advance funds to Mine & Mill. In exchange for these funds, Mine & Mill sold several of Conrail's accounts receivable to All Points. However, All Points did not notify Conrail that it had purchased accounts receivable from Mine & Mill, or instruct Conrail to make payments on the accounts receivable directly to All Points. In October of 1997, with several of Conrail's accounts receivable still unpaid, Mine & Mill signed a promissory note and trust indenture with All Points. The promissory note was executed to provide assurance to All Points that the unpaid accounts receivable would be paid.

¶10 In January of 1998, All Points entered into an inter-creditor agreement with Trux, another company that had purchased accounts receivable from Mine & Mill. Pursuant to the inter-creditor agreement, All Points received $471,000.00 from Trux in exchange for selling Trux its outstanding accounts receivable. The inter-creditor agreement also provided that All Points would release its security interest in Mine & Mill's assets, with the exception of those assets secured by the October 1997 promissory note.

¶11 Mine & Mill's business failed. On October 19, 1998, MWB filed a complaint against several defendants, including Mine & Mill, All Points, and Trux. MWB's complaint sought to foreclose on items of Mine & Mill's real and personal property in which MWB held a security interest. MWB's complaint also requested monetary damages from Mine & Mill

and its CEO Glenn Caldwell. The remaining defendants were included in the complaint because they held some type of interest in the property in dispute.

¶12    On February 16, 1999, MWB filed an amended complaint, in which it added additional defendants. On February 24, 1999, Trux filed a counter-claim against MWB, and a cross-claim against Mine & Mill. All Points filed a counter-claim against MWB on March 26, 1999. On August 20, 1999, MWB filed a motion for summary judgment. On August 31, 1999, Trux filed a motion to add Montana Hydraulics, L.L.C., as a party to the case. Montana Hydraulics is a new company created by several members of Mine & Mill's former board of directors. All Points filed a motion for summary judgment on September 14, 1999.

¶13    The District Court conducted a hearing on all pending motions on October 1, 1999. On October 27, 1999, MWB moved for a default judgment against Mine & Mill, as Mine & Mill failed to appear or answer MWB's amended complaint. The District Court conducted a hearing on this motion on November 4, 1999. On February 23, 2000, the District Court issued an order, in which it granted summary judgment to MWB, with regard to MWB's claim against several of Mine & Mill's assets. The District Court also granted summary judgment to All Points because it found that MWB had breached its subordination agreement with All Points. Finally, the District Court denied Trux's motion to add Montana Hydraulics as a party to the case, and granted MWB a default judgment against Mine & Mill. Trux then obtained a default judgment against Mine & Mill on May 25, 2000.

¶14    On August 3, 2000, the District Court conducted a hearing to consider damages. On June 11, 2001, the District Court issued findings of fact and conclusions of law, in which it

6

determined that as a result of MWB's breach of its subordination agreement, All Points was entitled to recover damages in the amount of $78,250.01 plus interest from MWB. The District Court then issued a judgment on June 22, 2001, in which it concluded that, with interest, All Points was entitled to recover damages in the amount of $108,052.64 from MWB. MWB filed a motion to alter or amend the District Court's findings of fact and conclusions of law on June 25, 2001. On August 31, 2001, the District Court denied MWB's motion, but reduced the amount of its judgment against MWB by $234.58. On September 12, 2001, MWB appealed the District Court's findings of fact and conclusions of law, as well as its June 22, 2001, judgment. On September 18, 2001, Trux cross-appealed the District Court's February 23, 2000, order.

**STANDARD OF REVIEW**

¶15 We review a district court's findings of fact to ascertain whether they are clearly erroneous. *Daines v. Knight* (1995), 269 Mont. 320, 324, 888 P.2d 904, 906. A finding is clearly erroneous if it is not supported by substantial evidence, if the trial court misapprehended the effect of the evidence, or if our review of the record convinces us that a mistake has been committed. *Kovarik v. Kovarik*, 1998 MT 33, ¶ 20, 287 Mont. 350, ¶ 20, 954 P.2d 1147, ¶ 20. The standard of review of a district court's conclusions of law is whether the court's interpretation of the law is correct. *Carbon County v. Union Reserve Coal Co., Inc.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

¶16 Our review of a district court's grant or denial of a motion for summary judgment is *de novo*. *Casiano v. Greenway Enterprises, Inc.*, 2002 MT 93, ¶ 13, 309 Mont. 358, ¶ 13,

7

47 P.3d 432, ¶ 13. Therefore, we apply the same Rule 56, M.R.Civ.P., criteria as applied by the district court. *Casiano*, ¶ 13. Pursuant to Rule 56, M.R.Civ.P.:

> The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. We review the legal determinations made by a district court as to whether the court erred.

*Casiano*, ¶ 13.

## DISCUSSION

## ISSUE 1

¶17 Did the District Court err in granting All Points' motion for summary judgment?

¶18 MWB contends that the District Court erred in granting All Points' motion for summary judgment. Specifically, MWB asserts that it did not breach the subordination agreement it made with All Points. All Points counters that the District Court properly granted its summary judgment motion, as no material facts remained in dispute regarding MWB's breach of the subordination agreement.

¶19 Rule 56, M.R.Civ.P., addresses motions for summary judgment. Pursuant to Rule 56(c), M.R.Civ.P., summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The initial burden rests upon the moving party, who may rely upon the pleadings, depositions, answers to interrogatories, admissions on file and

8

affidavits to establish that no genuine issue exists as to any material fact. *Joyner v. Onstad* (1989), 240 Mont. 362, 364, 783 P.2d 1383, 1385. The burden then shifts to the party opposing the motion. *Joyner*, 240 Mont. at 364, 783 P.2d at 1385. That is, the adverse party must respond to the summary judgment motion, and "set forth specific facts showing that there is a genuine issue for trial." Rule 56(e), M.R.Civ.P. If the adverse party does not respond, "summary judgment, if appropriate, shall be entered against the adverse party." Rule 56(e), M.R.Civ.P.

¶20 This Court has repeatedly addressed this issue, and held that summary judgment is properly granted to the moving party if the adverse party fails to respond with specific facts showing that a genuine issue exists as to a material fact. *See Joyner*, 240 Mont. at 364, 783 P.2d at 1385, *and Payne v. Stratman* (1987), 229 Mont. 377, 380, 747 P.2d 210, 212. In the instant case, All Points' motion requested that the District Court grant it summary judgment because MWB had breached the subordination agreement it made with All Points. All Points submitted evidence to support its summary judgment motion. Therefore, the burden shifted to MWB to respond to All Points' motion. *See Joyner*, 240 Mont. at 364, 783 P.2d at 1385. Surprisingly, MWB failed to file a responsive legal brief in opposition to All Points' motion for summary judgment. Rather, MWB filed two depositions and a set of supplemental discovery answers at the hearing on All Points' summary judgment motion and relied on oral argument.

¶21 The District Court considered the documents and other matters presented by MWB at the summary judgment hearing. By not filing a brief in opposition to the summary

9

judgment motion, the District Court concluded that MWB did not adequately respond to the motion. Nonetheless, the District Court found that MWB failed to raise a genuine issue of material fact with regard the subordination agreement. As such, the District Court determined that MWB's subordination to All Points under the subordination agreement was undisputed by the facts in the record. The District Court further determined that under the subordination agreement, All Points acquired a first position security interest in Mine & Mill's accounts receivable. Therefore, the District Court concluded that MWB breached the subordination agreement by taking a portion of the accounts receivable that Mine & Mill received from Conrail. The District Court then granted All Points' motion for summary judgment.

¶22 On appeal, MWB contends that the District Court erred in granting All Points' motion for summary judgment, as it properly responded with genuine issues of material fact regarding its breach of the subordination agreement. We disagree. It appears from the record that the matters introduced by MWB at the summary judgment hearing were offered for the purpose of proving the existence of the *inter-creditor agreement* between All Points and Trux. MWB argues that the inter-creditor agreement implicitly raises a question of fact because the agreement establishes that All Points received all the funds it was entitled to receive, and therefore had no claims remaining against MWB. The District Court found, however, that MWB breached the subordination agreement when it appropriated a portion of the Conrail accounts receivable, an event which occurred *before* the inter-creditor agreement came into existence. Consequently, the District Court concluded that the facts

10

introduced by MWB concerning the inter-creditor agreement failed to raise a genuine issue of material fact regarding MWB's breach of the subordination agreement. We are not persuaded that the District Court erred in its analysis. Accordingly, we hold that because MWB failed to respond to All Points' motion by setting forth specific facts showing the existence of a genuine issue for trial, the District Court did not err in granting All Points' motion for summary judgment.

## ISSUE 2

¶23 Did the District Court err in granting Mountain West Bank's motion for summary judgment?

¶24 On August 7, 1998, MWB notified Mine & Mill that it had repossessed the personal property which Mine & Mill had pledged as collateral for MWB's loans. On the same day, several members of Mine & Mill's board of directors resigned and formed a new company entitled Montana Hydraulics. Mine & Mill then leased its real and personal property to Montana Hydraulics for one hundred dollars a month. All Points and Trux claimed an interest in the collateral, however, and objected to MWB's non-judicial foreclosure of Mine & Mill's personal property. As a result of such objections, MWB elected to proceed with a judicial foreclosure, and filed a complaint which sought to foreclose on the real and personal property of Mine & Mill. MWB later filed a motion for summary judgment, which also claimed that MWB was entitled to foreclose on Mine & Mill's real and personal property.

11

¶25 Trux and All Points opposed MWB's summary judgment motion, asserting that MWB's actions with respect to Mine & Mill's personal property breached § 30-9-207, MCA (1997). Section 30-9-207, MCA (1997), addresses a secured party's rights and duties when collateral is in its possession. Section 30-9-207(1), MCA (1997), provides that: "A secured party must use reasonable care in the custody and preservation of collateral in his possession."

¶26 The District Court found that although MWB sent a notice of repossession, it did not actually take possession of Mine & Mill's personal property. As such, the District Court determined that MWB was not in breach of the duties in § 30-9-207, MCA (1997). In the absence of such a breach, the District Court concluded that no material facts remained in dispute, and that MWB was entitled to proceed with a judicial foreclosure. Consequently, the District Court granted MWB's motion for summary judgment.

¶27 On cross-appeal, Trux contends that the District Court erred in granting MWB's motion for summary judgment, as material facts existed concerning MWB's potential breach of § 30-9-207, MCA (1997). Specifically, Trux asserts that MWB took possession of at least a portion of Mine & Mill's personal property by controlling the real property on which the personal property was located. Trux further alleges that MWB breached § 30-9-207, MCA (1997), by allowing Mine & Mill to enter a lease with Montana Hydraulics, under which Montana Hydraulics used, and possibly depleted, Mine & Mill's personal property. Finally, Trux maintains that MWB breached § 30-9-207, MCA (1997), by allowing Montana

Hydraulics to lease Mine & Mill's personal property for substantially less than its actual value.

¶28     We agree with Trux's contention that material facts remained in dispute regarding MWB's potential possession of Mine & Mill's personal property, and subsequent breach of § 30-9-207, MCA (1997). That is, All Points and Trux raised genuine issues of material fact with regard to MWB's actions involving Mine & Mill's personal property. Disputed facts are material "if they involve the elements of the cause of action or defenses at issue to an extent that necessitates resolution of the issue by a trier of fact." *State Med. Oxygen v. American Med. Oxygen* (1994), 267 Mont. 340, 344, 883 P.2d 1241, 1243. In the instant case, MWB's motion for summary judgment sought to foreclose on Mine & Mill's real and personal property. All Points and Trux defended against MWB's motion by claiming that MWB had already taken possession of a portion of Mine & Mill's personal property. All Points and Trux further claimed that MWB failed to use reasonable care to preserve such property while that property was in its possession, as required by § 30-9-207, MCA (1997). All Points and Trux submitted evidence, in their individual responses to MWB's motion and at the summary judgment hearing, to support their claims. Therefore, MWB's potential possession of Mine & Mill's personal property remained a material fact in dispute between the parties. Moreover, because possession is the triggering factor for the duties in § 30-9-207, MCA (1997), MWB's potential breach of § 30-9-207, MCA (1997), also remained a material fact in dispute between the parties. Consequently, the District Court erred in granting MWB's motion for summary judgment. We reverse the portion of the District

13

Court's order which granted summary judgment in favor of MWB and remand for proceedings consistent with this Opinion.

## ISSUE 3

¶29  Did the District Court err in denying Trux's motion to add Montana Hydraulics as a party to this action?

¶30  On cross-appeal, Trux asserts that the District Court erred in denying its motion to add Montana Hydraulics as a party to this action. Specifically, Trux maintains that Montana Hydraulics is the continuing enterprise of Mine & Mill, and as such, is a necessary party.

¶31  Rule 21, M.R.Civ.P., addresses joinder of parties, and provides, in pertinent part, that: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Rule 19(a), M.R.Civ.P., then sets forth the criteria for determining when adding a party to an action is appropriate. Rule 19(a), M.R.Civ.P., provides, in pertinent part that: "A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action . . . ." Subsection (2) of Rule 19(a), M.R.Civ.P., is inapplicable to the instant case, as Montana Hydraulics does not claim an interest in this action. We turn now to an analysis of subsection (1) of Rule 19(a), M.R.Civ.P.

¶32  This Court has previously interpreted Rule 19(a)(1), M.R.Civ.P., and noted that: "There is no precise formula for determining whether a particular non-party is necessary to an action, consequently the determination is heavily influenced by the facts and

14

circumstances of each case." *Mohl v. Johnson* (1996), 275 Mont. 167, 171, 911 P.2d 217, 220. We further concluded that: "While a party should be joined if his presence is deemed necessary for the according of complete relief, it must be noted that complete relief refers to relief as between the persons already parties, and not as between a party and the absent person whose joinder is sought." *Mohl*, 275 Mont. at 171, 911 P.2d at 220.

¶33 In *Mohl*, the plaintiff suffered damages when her vehicle collided with the defendant's vehicle. At the time of the accident, the defendant was acting within the course and scope of his employment as a U-Haul truck driver. However, U-Haul was not included as a party to the case, and the District Court was unable to join U-Haul, as the statute of limitations had expired. *Mohl*, 275 Mont. at 169, 911 P.2d at 218-19. The District Court then dismissed the plaintiff's claim because it concluded that complete relief could not be afforded if U-Haul was not a party to the case, as the defendant retained an indemnity claim against U-Haul. *Mohl*, 275 Mont. at 170, 911 P.2d at 219. This Court, however, determined that U-Haul was not an indispensable party to the case, and reversed the judgment of the District Court. *Mohl*, 275 Mont. at 173, 911 P.2d at 221. We supported our holding with the following language:

> Assuming that [the defendant], as U-Haul's employee, may have a claim for indemnity against U-Haul, that claim would be separate and distinct from the [plaintiff's] underlying negligence claim against [the defendant]. . . . Accordingly, there is no need for the indemnity issue to be resolved simultaneously with the negligence claim. Rather, the indemnity suit would arise out of and be subsequent to the negligence suit.

*Mohl*, 275 Mont. at 172, 911 P.2d at 220-21.

¶34     In the instant case, the District Court relied upon our holding in *Mohl,* and concluded that Montana Hydraulics was not an indispensable party.  We find no error in the District Court's conclusion.  This case began when MWB brought a foreclosure action against Mine & Mill because Mine & Mill had defaulted on several of its loan obligations.  All Points, Trux, and other defendants were included in the action because they possessed some type of interest in the property in dispute.  Montana Hydraulics holds no legal interest in the property of Mine & Mill.  Montana Hydraulics was not a party to any of the security agreements at issue, and it holds no interest in the outcome of the foreclosure action, nor in the disposition of the funds received from the sale of Mine & Mill's property.  Therefore, Montana Hydraulics is not an indispensable party to this action, as complete relief under Rule 19(a)(1), M.R.Civ.P., refers to "relief as between *the persons already parties, and not as between a party and the absent person whose joinder is sought*."  *Mohl*, 275 Mont. at 171, 911 P.2d at 220 (emphasis added).  Accordingly, we hold that the District Court did not err in denying Trux's motion to add Montana Hydraulics as a party to this action.

¶35     For the foregoing reasons, the judgment of the District Court is affirmed in part, reversed in part, and remanded for proceedings consistent with this Opinion.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JIM RICE

16