No. 01-402

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 167

JOHN OLD ELK, JUNE GOODLEFT, and DANA ZIMMER,

       Plaintiffs and Appellants,

   v.

HEALTHY MOTHERS, HEALTHY BABIES, INC.,
a Montana Corporation, et al.,

       Defendants and Respondents.


APPEAL FROM:    District Court of the First Judicial District,
In and for the County of Lewis and Clark, Cause No. BDV-95-18,
The Honorable Jeffrey Sherlock, Judge presiding.


COUNSEL OF RECORD:

      For Appellants:

          Joseph C. Engel, III, Attorney at Law, Great Falls, Montana

      For Respondents:

          Robert R. Throssell, Keller, Reynolds, Drake, Johnson & Gillespie, P.C.,
Helena, Montana


Submitted on Briefs:  July 2, 2002

Decided:  June 19, 2003

Filed:

_____
                          Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1    Appellants John Old Elk, June Goodleft and Dana Zimmer (the Appellants) filed a complaint against Respondent Healthy Mothers, Healthy Babies, Inc. (HMHB), in the First Judicial District Court, Lewis and Clark County.  HMHB subsequently filed a motion for summary judgment.  The District Court granted HMHB's motion, and the Appellants appeal. We affirm the judgment of the District Court.

¶2    We restate the issues on appeal as follows:

¶3    1.  Did the District Court err in granting HMHB's motion for summary judgment?

¶4    2.   Did HMHB violate the Separation and Release Agreements by moving for summary judgment?

¶5    3.  Are the Appellants entitled to recover attorneys' fees and costs pursuant to § 39-3-214, MCA (1999)?

## BACKGROUND

¶6    The Appellants were terminated by their employer, HMHB, in January of 1994.  On February 22, 1994, June Goodleft entered into a Separation and Release Agreement with HMHB.   John Old Elk and Dana Zimmer then entered into Separation and Release Agreements with HMHB on March 10, 1994, and March 16, 1994, respectively.  The Separation and Release agreements (hereinafter the Agreements) all contained the following provisions:

> **THREE:**  The Employee agrees to release HMHB, any related entities, and the employees, directors and employee benefit programs of any of them, and their agents and insurers, from all rights or claims the Employee may have, related to the Employee's employment with HMHB or the termination of that

2

employment. This also includes a release of any rights or claims the Employee may have under the Age Discrimination in Employment Act, which prohibits discrimination in employment; Title VII of the Civil Rights Act of 1964, which prohibits discrimination in employment based on race, color, national origin, religion or sex, the Equal Pay Act, which prohibits paying men and women unequal pay for equal work; or any other federal, state or local laws or regulations prohibiting employment discrimination. This also includes a release by the Employee of any claims for wrongful discharge, or any other state law claims.

. . . .

However, by signing this release the Employee does not give up [his or] her rights, if any, to unpaid salary, pension, retiree, health or similar benefits under HMHB's standard compensation and benefits program applicable to the Employee or under the Separation Plan, with one exception: By signing this release the Employee **does** give up [his or] her rights to any benefit or amount claimed by [him or] her if the Employee's claim or position was rejected or denied before the Employee signed this agreement.

**FOUR:** The Employee promises never to file a lawsuit asserting any claims that are released in Section Three.

¶7 Despite the above provisions, the Appellants filed a *pro se* complaint against HMHB, its employees and directors, on January 3, 1995. The Appellants then filed an amended *pro se* complaint on April 27, 1995. On August 21, 1996, the District Court issued an order, in which it concluded that the Appellants' original *pro se* complaint and amended *pro se* complaint failed to comply with Rule 8(a), M.R.Civ.P., which requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Consequently, the District Court directed the Appellants' newly-hired counsel to file a second amended complaint that complied with Rule 8(a), M.R.Civ.P.

¶8 The Appellants filed their second amended complaint on October 1, 1996. The Appellants' second amended complaint contained the following claims: (1) wrongful

discharge; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) interference with contract; and (5) tortious conduct. HMHB responded by filing a motion for summary judgment on October 16, 1997, alleging that pursuant to the Agreements, the Appellants relinquished any claims they may have had against HMHB, its employees, and directors.

¶9 On March 3, 1998, the Appellants filed a motion under Rule 56(f), M.R.Civ.P., requesting that judgment on HMHB's summary judgment motion be postponed pending completion of the discovery process. The District Court conducted a hearing on September 3, 1998. On December 9, 1998, the District Court issued an order, denying the Appellants' Rule 56(f), M.R.Civ.P., motion and granting HMHB's motion for summary judgment.

¶10 The District Court subsequently entered judgment against the Appellants on June 12, 2000, and ordered the Appellants to pay HMHB's attorneys' fees and costs. On July 7, 2000, the Appellants filed a motion to set aside the District Court's grant of summary judgment to HMHB. The District Court denied the Appellants' motion on September 5, 2000. The Appellants appealed on October 4, 2000.

## STANDARD OF REVIEW

¶11 Our review of a district court's grant or denial of a motion for summary judgment is *de novo*. *Casiano v. Greenway Enterprises, Inc.*, 2002 MT 93, ¶ 13, 309 Mont. 358, ¶ 13, 47 P.3d 432, ¶ 13. Therefore, we apply the same Rule 56, M.R.Civ.P., criteria as applied by the district court. *Casiano*, ¶ 13. Pursuant to Rule 56, M.R.Civ.P.:

> The movant must demonstrate that no genuine issues of material fact exist.
> Once this has been accomplished, the burden then shifts to the non-moving

4

party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. We review the legal determinations made by a district court as to whether the court erred.

*Casiano*, ¶ 13.

## DISCUSSION

¶12    As a preliminary matter, we note that in considering HMHB's motion for summary judgment, the District Court disregarded the Appellants' original *pro se* complaint and amended *pro se* complaint, and examined the motion solely with regard to the issues contained in the Appellants' second amended complaint. On appeal, the Appellants maintain that the District Court erred when it failed to consider their first two complaints. However, the District Court directed the Appellants to file a second amended complaint because neither their original complaint, nor their amended complaint, was in compliance with Rule 8(a), M.R.Civ.P., which requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Accordingly, we conclude that the District Court properly confined its review of HMHB's summary judgment motion to the issues contained in the Appellants' second amended complaint.

## ISSUE 1

¶13    Did the District Court err in granting HMHB's motion for summary judgment?

¶14    The Appellants contend that the District Court erred in granting HMHB's motion for summary judgment. Specifically, the Appellants assert that: (1) the Agreements were void under § 39-3-208, MCA (1993), of the wage and hour laws, which provides that contracts

5

between an employer and an employee may not violate, evade or circumvent the wage and hour laws; and (2) the Agreements were not supported by sufficient consideration. HMHB counters that the District Court properly granted its summary judgment motion, as no material facts remained in dispute regarding the validity of the Agreements.

¶15 Rule 56, M.R.Civ.P., addresses motions for summary judgment. Pursuant to Rule 56(c), M.R.Civ.P., summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The initial burden rests upon the moving party, who may rely upon the pleadings, depositions, answers to interrogatories, admissions on file and affidavits to establish that no genuine issue exists as to any material fact. *Joyner v. Onstad* (1989), 240 Mont. 362, 364, 783 P.2d 1383, 1385. The burden then shifts to the party opposing the motion. *Joyner*, 240 Mont. at 364, 783 P.2d at 1385. That is, the adverse party must respond to the summary judgment motion, and "set forth specific facts showing that there is a genuine issue for trial." Rule 56(e), M.R.Civ.P. If the adverse party does not so respond, "summary judgment, if appropriate, shall be entered against the adverse party." Rule 56(e), M.R.Civ.P.

¶16 This Court has repeatedly addressed this issue, and held that summary judgment is properly granted to the moving party if the adverse party fails to respond with specific facts showing that a genuine issue exists as to a material fact. See *Joyner*, 240 Mont. at 364, 783 P.2d at 1385, and *Payne v. Stratman* (1987), 229 Mont. 377, 380, 747 P.2d 210, 212. We

6

have further noted that evidence sufficient to raise a genuine issue of material fact, "must be in proper form and conclusions of law will not suffice; the proffered evidence must be material and of a substantial nature, not fanciful, frivolous, gauzy or merely suspicious." *Morales v. Tuomi* (1985), 214 Mont. 419, 424, 693 P.2d 532, 535.

¶17     In the instant case, HMHB's motion requested that the District Court grant it summary judgment because, pursuant to the Agreements, the Appellants relinquished any claims they may have had against HMHB, its employees, and directors.  HMHB submitted copies of the Agreements in support of its motion.  Therefore, the burden shifted to the Appellants to respond to HMHB's motion.  See *Joyner*, 240 Mont. at 364, 783 P.2d at 1385.  The Appellants responded by submitting a responsive brief and two affidavits.  The first affidavit was filed by Zimmer on October 30, 1997.  The second affidavit was filed by the Appellants' attorney, Eric Rasmusson, on March 5, 1998.

¶18     The District Court considered the claims in the Appellants' second amended complaint and determined that while Zimmer's affidavit made general allegations regarding both wage and hour violations and insufficient consideration, her affidavit did not set forth specific facts to support either of those claims.  Accordingly, the District Court determined that Zimmer's affidavit failed to prove the existence of any genuine issue of material fact with regard to the validity of the Agreements.  As such, the District Court concluded that Zimmer's affidavit was unable to resist HMHB's motion for summary judgment.

¶19     The District Court considered Rasmusson's affidavit in the context of this Court's decision in *Morales v. Tuomi*, 214 Mont. at 424, 693 P.2d at 535, in which we noted that:

"[A]s with any other affiant under Rule 56, [M.R.Civ.P.] an attorney's affidavit is admissible only to prove facts that are within his personal knowledge and as to which he is competent to testify; an affidavit stating what the attorney believes or intends to prove at trial will be disregarded." The District Court examined Rasmusson's affidavit and found that it was not a statement of facts within Rasmusson's personal knowledge, but merely a reflection of Rasmusson's belief that the Agreements may have violated the wage and hour provisions. Consequently, the District Court concluded that, pursuant to *Morales*, Rasmusson's affidavit was insufficient to resist HMHB's motion for summary judgment.

¶20    Upon careful review of the Zimmer and Rasmusson affidavits, we are not persuaded that the District Court erred in concluding that the affidavits were insufficient to resist HMHB's motion for summary judgment. That is, neither of the affidavits were able to successfully demonstrate that a genuine issue of material fact existed with regard to the validity of the Agreements. Further, in the absence of the affidavits, the remaining record on file in this case was also insufficient to resist a summary judgment motion. Finally, we note that the District Court rendered its decision regarding HMHB's motion for summary judgment on December 9, 1998, over two years after the date on which the Appellants filed their second amended complaint. That is, the Appellants had over two years to set forth facts sufficient to resist summary judgment. The Appellants were unable to do so. Accordingly, we conclude that the District Court did not err when it granted HMHB's motion for summary judgment.

**ISSUE 2**

¶21 Did HMHB violate the Separation and Release Agreements by moving for summary judgment?

¶22 On appeal, the Appellants maintain that HMHB violated the Agreements and acted in bad faith when it moved for summary judgment because Section Three of the Agreements reserved the Appellants' right to file claims for unpaid wages and benefits. The Appellants further maintain that because HMHB violated the Agreements, they are entitled to recover attorneys' fees and costs from HMHB.

¶23 However, the Appellants did not bring the above contention before the District Court in opposition to HMHB's motion for summary judgment. Accordingly, the Appellants raise this issue for the first time on appeal. We have repeatedly stated that we will not address issues raised for the first time on appeal. See *State v. Kober*, 1999 MT 264, ¶ 11, 296 Mont. 425, ¶ 11, 989 P.2d 399, ¶ 11. As such, we decline to address the Appellants' contention that, by moving for summary judgment, HMHB violated Section Three of the Agreements.

**ISSUE 3**

¶24 Are the Appellants entitled to recover attorneys' fees and costs pursuant to § 39-3-214, MCA (1999)?

¶25 Section 39-3-214, MCA (1999), of the wage and hour laws, provides, in pertinent part:

> (1) Whenever it is necessary for the employee to enter or maintain a suit at law for the recovery or collection of wages due as provided for by this part, a resulting judgment must include a reasonable attorney's fee in favor of the successful party, to be taxed as part of the costs in the case.

9

(2) Any judgment for the plaintiff in a proceeding pursuant to this part must include all costs reasonably incurred in connection with the proceeding, including attorneys' fees.

¶26 This Court has interpreted § 39-3-214, MCA, as follows: "It is clear to us from the plain meaning of the words utilized in § 39-3-214, MCA, that the legislature's intent in passing the statute was to provide **an employee who wins a judgment** for wages due against an employer a vehicle by which to receive attorneys fees and thus be made whole." *Glaspey v. Workman* (1988), 230 Mont. 307, 309, 749 P.2d 1083, 1084 (emphasis added). In the instant case, the Appellants were unsuccessful in asserting wage and hour claims against HMHB. Consequently, the Appellants are unable to recover attorneys' fees and costs under § 39-3-214, MCA (1999).

¶27 For the foregoing reasons, the judgment of the District Court is affirmed.

_____
                                    Justice

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART