DA 13-0468

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 218N

LARRY G. SCHUSTER,

       Plaintiff and Appellant,

  v.

YELLOWSTONE COUNTY, MONTANA,

       Defendant and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                   In and For the County of Yellowstone, Cause No. DV-12-1044
                   Honorable Mary Jane Knisely, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

            Larry G. Schuster (self-represented), Billings, Montana

       For Appellee:

            Kevin C. Gillen; Ryan Carl Nordlund; Yellowstone Deputy County
            Attorneys, Billings, Montana

                         Submitted on Briefs:  July 2, 2014
                                 Decided:  August 12, 2014

Filed:

                          _____
                                    Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      The present case concerns a civil action by Larry Schuster (Schuster) against Yellowstone County (County). On April 26, 2009, Yellowstone County Sheriff's Deputy Corey Wheeldon (Deputy Wheeldon) arrested Schuster on an outstanding warrant for bad checks. Schuster filed a complaint against the County on August 16, 2012, alleging negligence, assault, battery, and infliction of emotional distress resulting from his arrest. All claims in the complaint were based on Schuster's sworn affidavit alleging that Deputy Wheeldon had injured Schuster by "forcing the Plaintiff's feet underneath a front seat and then removing his feet from underneath the seat." Schuster did not report to the staff at the detention center that he was suffering from any injury, nor did he tell Deputy Wheeldon that his feet had been hurt. Schuster first sought treatment for a foot injury on June 4, 2013, more than four years after the arrest.

¶3      Schuster and the County filed cross motions for summary judgment on the claims. Schuster also filed motions to compel discovery and for sanctions. On June 10, 2014, Schuster sought to file an Expert Witness Disclosure identifying his podiatrist as an expert to present testimony on Schuster's foot injury. At this point, discovery had been closed for more than three months, the parties had completed briefing on summary judgment, and trial

2

had been scheduled after a final pre-trial conference. The District Court granted the County's motion for summary judgment against all claims and denied Schuster's motions to allow his expert, compel discovery, and for sanctions. Schuster appeals.

¶4     We review a district court's grant of summary judgment de novo. *LeMond v. Yellowstone Dev.*, 2014 MT 181, ¶ 21, ___ Mont. ___, ___ P.3d ___ (citing *N. Cheyenne Tribe v. Roman Catholic Church*, 2013 MT 24, ¶ 21, 386 Mont. 330, 296 P.3d 450). We review a district court's ruling on a motion to compel discovery for an abuse of discretion. *Circle S Seeds of Mont., Inc. v. T & M Transporting, Inc.*, 2006 MT 25, ¶ 14, 331 Mont. 76, 130 P.3d 150.

¶5     During discovery, Schuster sought to inspect and photograph the County's patrol car and to obtain the County's policies for prosecuting bad check charges. Parties may obtain discovery of any non-privileged matter that is relevant to any party's claim or defense. M. R. Civ. P. 26(b)(1). A district court must limit the extent of discovery when it determines that the burden or expense of the proposed discovery outweighs its likely benefit. M. R. Civ. P. 26(b)(2)(C)(iii). The District Court properly determined that the evidence at issue had limited relevance compared to the burden of obtaining the evidence. The County's patrol cars had been replaced with newer models and the older models were no longer in the County's possession, or were otherwise difficult to obtain. Further, Schuster's complaint alleged only that Deputy Wheeldon had handled Schuster in such a way that his foot became jammed under the seat. Schuster's inspection of the County's patrol cars would impose a burden on the County without providing any likely benefit to Schuster's case, and therefore,

3

the District Court properly denied his motion to compel discovery. Next, the County's policies on bad check charges are especially irrelevant in this case, as Schuster never alleged unlawful arrest, false imprisonment, malicious prosecution, or any other claim disputing the legitimacy of his arrest. Neither request for discovery would produce evidence that would prove or disprove any fact of consequence to the case, and thus, both requests were properly denied. Since the County was not in error for failing to provide relevant discovery, Schuster's requested sanctions are inappropriate.

¶6      We now turn to Schuster's tort claims. Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." M. R. Civ. P. 56(c)(3). If the movant demonstrates the absence of a material issue of fact and entitlement to judgment, the non-movant must establish with substantial evidence that a genuine issue of material fact does exist or that the movant is not entitled to prevail under the law. *Semenza v. Kniss*, 2008 MT 238, ¶ 18, 344 Mont. 427, 189 P.3d 1188 (citing *Prindel v. Ravalli County*, 2006 MT 62, ¶ 19, 331 Mont. 338, 133 P.3d 165). We construe all facts in favor of the non-movant in determining whether an issue of material fact exists. *LaTray v. City of Havre*, 2000 MT 119, ¶ 15, 299 Mont. 449, 999 P.2d 1010. However, evidence sufficient to raise a genuine issue of material fact must be material and substantial, not "fanciful, frivolous, gauzy or merely suspicious." *Elk v. Healthy Mothers, Healthy Babies, Inc.*, 2003 MT 167, ¶ 16, 316 Mont. 320, 73 P.3d 795 (quoting *Morales v. Tuomi*, 214 Mont. 419, 424, 693 P.2d 532, 535 (1985)).

¶7      A plaintiff in a negligence claim must prove that the defendant owed the plaintiff a legal duty; that the defendant breached that duty; that the breach was the actual and proximate cause of an injury to the plaintiff; and that damages resulted. *Peterson v. Eichhorn*, 2008 MT 250, ¶ 23, 344 Mont. 540, 189 P.3d 615. If the plaintiff fails to prove any one of these four elements, then the defendant is entitled to summary judgment. *Peterson*, ¶ 24 (citing *Singleton v. L.P. Anderson Supply Co.*, 284 Mont. 40, 43-44, 943 P.2d 968, 970 (1997)). Regarding the causation element, we have held that a plaintiff could not survive summary judgment where he presented expert testimony that a defendant's negligent acts "could have" caused the harm at issue. *Hinkle ex rel. Hinkle v. Shepherd Sch. Dist. # 37*, 2004 MT 175, ¶¶ 35-38, 322 Mont. 80, 93 P.3d 1239; *Butler v. Domin*, 2000 MT 312, ¶ 22, 302 Mont. 452, 15 P.3d 1189. Schuster's expert could only testify that Schuster had "hammer-toe" and that it could be surgically repaired. Schuster's expert made no claims concerning the cause of this injury and could only testify to the possibility that the foot had been injured by the alleged act. Schuster presented no other evidence demonstrating that his injuries were caused by the County. The current facts on the record show only that Schuster was arrested and, four years later, a podiatrist diagnosed him with hammer-toe. Even when construed in Schuster's favor these facts do not indicate that the event likely caused the injury; they only establish that the event preceded the injury in time. Schuster has not alleged any facts sufficient to fulfill the causation element of a negligence claim. The District Court properly granted summary judgment against Schuster's negligence claim.

¶8	The District Court also properly denied Schuster's infliction of emotional distress claim pursuant to *Renville v. Fredrickson*, 2004 MT 324, 324 Mont. 86, 101 P.3d 773. It is for the court to determine whether severe emotional distress can be found. *Renville*, ¶ 16 (citing *Sacco v. High Country Indep. Press*, 271 Mont. 209, 896 P.2d 411 (1995)). The court in *Renville* dismissed the emotional distress claim of a mother who had lost her son in an automobile accident when she demonstrated no physical manifestations of grief, and we affirmed. *Renville*, ¶ 15. Although Schuster alleges physical pain that has resulted in sleepless nights, he failed to seek treatment for his allegedly broken foot for more than four years following the arrest. Schuster never complained to the officer or anyone at the detention center that his foot had been hurt, lessening the likelihood that his physical injury was so severe that it led to emotional issues. Although Schuster may have suffered some degree of anxiety over his arrest and alleged injury, he never sought any professional help and presented no evidence to indicate that his distress was severe enough to support an independent claim of emotional distress.

¶9	We now turn to Schuster's assault and battery claims. The County argues that Schuster failed to demonstrate damages from the alleged assault and battery, and also that the officer was immune from civil liability under § 27-1-722, MCA. Both of those rationales are legally incorrect. A battery claim does not require a demonstration of damages, only a demonstration of contact that offends a reasonable sense of personal dignity. *Smith v. Roosevelt Co.*, 242 Mont. 27, 35, 788 P.2d 895, 900 (1990). Similarly, a plaintiff alleging assault is not required to demonstrate damages, but only an "imminent apprehension" of

"harmful or offensive contact." *Collins v. Dep't of Justice, Div. of Highway Patrol*, 232 Mont. 73, 80, 755 P.2d 1373, 1377 (1988) (citing *Restatement 2d of Torts* § 21 (1965)). Regarding the immunity argument, § 27-1-722, MCA, provides immunity for persons using justifiable use of force under Title 45, chapter 3, part 1. The facts on record do not show that the relevant justifications for justifiable use of force are at play in the present case, so § 27-1-722, MCA, is inapposite to the civil liability of Deputy Wheeldon and the County.

¶10     "An arresting officer may use such force as is reasonably necessary to effect a lawful arrest. However, a police officer who uses more force than is reasonably necessary to effect a lawful arrest commits a battery upon the person arrested as to such excessive force." *Smith,* 242 Mont. at 35, 788 P.2d at 900. A determination of whether the force was unreasonable or excessive turns on factors such as the severity of the crime at issue, whether the subject posed a threat, and whether the arrestee is attempting to escape or resist arrest. *Patrick v. Detroit*, 906 F.2d 1108, 1115 (6th Cir. 1990); *Skirtich v. Thornton*, 280 F.3d 1295, 1304 n. 9 (11th Cir. 2002); *Forrester v. City of San Diego*, 25 F.3d 804, 807-08 (9th Cir. 1994). Where the plaintiff alleges facts that could be viewed as unreasonable or excessive force, the reasonableness of the force used is a question of fact for the jury. *Kopec v. Tate*, 361 F.3d 772, 778 (3rd Cir. 2004); *Fakorzi v. Dillard's, Inc.*, 252 F. Supp. 2d 819, 835 n. 4 (S. D. Iowa 2003) ("[W]hether or not [the officers] exceeded a reasonable amount of force when they handcuffed plaintiffs and placed them in squad cars is a question of fact for the jury.").

¶11     The District Court here granted summary judgment on the grounds that the Deputy's actions were reasonable, based on Deputy Wheeldon's own affidavit that he used reasonable

force. The court further noted that "[p]laintiff has presented no evidence to contradict Deputy Wheeldon's statements, aside from his own allegations." That statement highlights the central flaw in the court's reasoning; it has disregarded Schuster's version of the events and run afoul of the requirement that "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505 (1986); *Tolan v. Cotton*, 572 U.S. ___, 134 S. Ct. 1861, 1866 (2014). The reasonableness of the alleged force has been the central dispute throughout the litigation of this case. Schuster's complaint argued that Deputy Wheeldon committed assault and battery by "forcing [Schuster's] feet under the front seat of the patrol car and then by forcibly removing his feet from underneath the front seat" and he filed an affidavit to that effect. In response to the County's assertion of immunity, Schuster argued that "[b]reaking the Plaintiff's right foot . . . is not the lawful use of force. That is a battery." A material issue of fact has been plainly disputed by Schuster and supported by his sworn affidavit; it is the jury's role to weigh the credibility of Deputy Wheeldon's testimony against the credibility of Schuster's testimony. Further, and critical to the disposition of this case, the court's order did not consider any of the relevant factors to determine whether the force in question was reasonable; it merely concluded that the arrest was lawful based on the Deputy's version of the events. That conclusion cannot suffice for a determination that the force was reasonable based on the facts of the case.

¶12  For the foregoing reasons, we reverse the District Court's dismissal of Schuster's assault and battery claims, and remand for proceedings consistent with this opinion. We

8

affirm the District Court's dismissal of Schuster's remaining claims and motions. The legal issues in this case are controlled by settled Montana law.  We have therefore determined to decide this case pursuant to Section I, Paragraph 3(d), of our Internal Operating Rules, which provides for noncitable memorandum opinions.

/S/ MICHAEL E WHEAT

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE
/S/ BETH BAKER

9