No. 03-404

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 313

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

STEVEN BOETTIGER,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
                      In and for the County of Cascade, Cause No. BDC 2002-399
                      The Honorable Julie Macek, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Eric Olson, Chief Public Defender, Meghan Lulf-Sutton, Deputy Public
                Defender, Great Falls, Montana

        For Respondent:

                Honorable Mike McGrath, Montana Attorney General, Carol E. Schmidt,
                Assistant Attorney General, Helena, Montana; Brant S. Light, Cascade
                County Attorney, Marty Judnich, Deputy County Attorney, Great Falls,
                Montana

Submitted on Briefs:  February 17, 2004

Decided: November 12, 2004

Filed:

_____
                               Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Steven Boettiger (Boettiger) appeals the judgment of the Eighth Judicial District Court, Cascade County, finding him guilty of driving under the influence and speeding.

¶2     We address the following issue on appeal and affirm:  Did the District Court err in allowing the arresting officer to testify at trial?

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     After having a few beers at a barbeque with some friends on June 22, 2002, Boettiger attempted to drive one of his friends to the emergency room.  His friend had apparently cut his hand with a miter saw.

¶4     While en route to the emergency room, Officer Armstrong clocked Boettiger going 93 miles per hour.  Officer Armstrong thereafter initiated a stop and began questioning Boettiger.  He noted that Boettiger's friend's hand was not bleeding, nor was his condition life threatening.  He also noted that Boettiger's speech was slurred, his eyes were bloodshot and glossy in appearance, and when asked for his license, registration, and proof of insurance, Boettiger provided Officer Armstrong with the title to the vehicle.

¶5     Boettiger admitted to having had "a couple of beers," and thereafter failed several field sobriety tests.  Officer Armstrong arrested Boettiger for driving under the influence of alcohol, and then he arranged transportation to the hospital for Boettiger's friend.

¶6     Boettiger chose to have a bench trial in Justice Court.  He was found guilty of the offense of driving under the influence of alcohol and of the offense of speeding.  Boettiger then appealed his convictions to the District Court.  A jury trial was held, at which Officer

2

Armstrong testified to the details of Boettiger's arrest on June 22, 2002. Counsel for Boettiger objected to this testimony on the basis that he was not provided Officer Armstrong's name as a potential witness. The District Court admitted the testimony over this objection, although counsel for Boettiger subjected Officer Armstrong to an extensive cross examination. The jury ultimately found Boettiger guilty of both offenses.

¶7    Boettiger now appeals the District Court's evidentiary ruling admitting Officer Armstrong's testimony.

## STANDARD OF REVIEW

¶8    We review a district court's evidentiary rulings to determine whether the district court abused its discretion. *State v. Strauss*, 2003 MT 195, ¶ 18, 317 Mont. 1, ¶ 18, 74 P.3d 1052, ¶ 18. A district court has broad discretion in determining the admissibility of evidence, and we will not overturn a district court's rulings absent an abuse of discretion. *Strauss*, ¶ 18.

## DISCUSSION

¶9    **Did the District Court err in allowing the arresting officer to testify at trial?**

¶10    Boettiger notes that the State of Montana (the State) did not identify Officer Armstrong on its witness list as a witness whom the State intended to call. Regardless of this fact, however, Boettiger notes that the District Court allowed Officer Armstrong's testimony over Boettiger's objection. Hence, Boettiger argues that the District Court abused its discretion, because the State violated the disclosure requirements of § 46-15-322(1)(a), MCA. Boettiger claims that such an abuse of discretion requires that his case be remanded to the District Court for a new trial.

¶11　The State argues that while it "recognizes that the prosecution did not provide *written* notice to Boettiger that specifically stated that it would be calling Officer Armstrong to the stand," the District Court did not abuse its discretion in allowing the testimony, because "the record clearly established that Boettiger's attorney had sufficient prior notice of the existence of Officer Armstrong as the State's witness. . . ." In addition, the State argues that Boettiger makes no assertions that he was prejudiced or surprised as a result of Officer Armstrong's testimony. This is especially true, the State argues, because Boettiger knew that the State would call Officer Armstrong as a witness. We agree.

¶12　Upon objection from Boettiger's counsel, the District Court noted the following with regard to the State's request to call Officer Armstrong to the stand:

> THE COURT:　Well, this is an appeal from Justice Court, and this is the officer that signed the ticket, so I don't think that there's really any issue as to whether or not the defense didn't have notice that this witnesses was going to testify in this matter.

¶13　We noted in *State v. Sol* (1997), 282 Mont. 69, 936 P.2d 307, that, upon a challenge similar to Boettiger's here, the defendant, Sol, was "unable to demonstrate that he suffered prejudice or surprise as a result of the State's alleged discovery violations." *Sol*, 282 Mont. at 79, 936 P.2d at 313. Sol was unable to demonstrate prejudice or surprise given that he was aware of the test results at issue, as those test results had been received as testimony previously at two separate hearings. *Sol*, 282 Mont. at 79, 936 P.2d at 313.

¶14　Section 46-15-322(1)(a), MCA, states:

> Upon request, the prosecutor shall make available to the defendant for examination and reproduction the following material and information within the prosecutor's possession or control:

(a)  the names, addresses, and statements of all persons whom the prosecutor may call as witnesses in the case in chief[.]

¶15    Here, Officer Armstrong--the arresting officer--testified at Boettiger's bench trial in Justice Court regarding Boettiger's actions on the day in question.  From the disposition of this bench trial, Boettiger appealed to the District Court.  At that trial, Boettiger objected to the admission of Officer Armstrong's testimony, because Officer Armstrong was not listed as a potential witness.  When the District Court overruled Boettiger's objection, counsel for Boettiger thereafter subjected Officer Armstrong to an extensive cross examination.

¶16    We do not condone the State's failure to provide Boettiger with the name of Officer Armstrong as a potential witness.  However, as in *Sol*, Boettiger does not demonstrate that he was prejudiced as a result of the admission of Officer Armstrong's testimony.  Boettiger knew about what Officer Armstrong would testify, since Officer Armstrong testified at Boettiger's bench trial in Justice Court.  Boettiger merely concludes, without more, that because he was not provided Officer Armstrong's name as a potential witness, as required by statute, he is therefore entitled to a new trial.

¶17    We must disregard any error, defect, irregularity, or variance that does not affect the accused's substantive rights.  Section 46-20-701(2), MCA.  Boettiger has failed to meet this standard of proof.  Accordingly, we hold that the District Court did not abuse its discretion in admitting Officer Armstrong's testimony.

¶18    Affirmed.

/S/ JAMES C. NELSON

5

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JIM REGNIER
/S/ JIM RICE