No. 04-810

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 25

CIRCLE S SEEDS OF MONTANA, INC.,

      Plaintiff and Respondent,

    v.

T & M TRANSPORTING, INC.,
RONALD L. TASH and PATRICIA TASH,

      Defendants and Appellants.

APPEAL FROM:    The District Court of the Eighteenth Judicial District,
                 In and For the County of Gallatin, Cause No. DV 2001-333,
                 Honorable Loren Tucker, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

            David L. Jackson, Alice J. Hinshaw, Jackson, Murdo, Grant
            & McFarland, P.C., Helena, Montana

      For Respondent:

            Gregory O. Morgan, Attorney at Law, Bozeman, Montana

                          Submitted on Briefs:  July 13, 2005

                                   Decided:  February 6, 2006

Filed:

                _____
                                 Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1      T & M Transporting, Inc., and Ronald and Patricia Tash (hereinafter collectively "Tash" except where necessary for clarity) appeal a jury verdict finding them in breach of their partnership agreement and their contract with Circle S Seeds (hereinafter "Circle") and in breach of their duties as sales agents for Circle.  The jury also concluded that Tash committed fraud, negligent misrepresentation and constructive fraud against Circle.  We reverse and remand for a new trial.

## ISSUES

¶2      The issues on appeal are:

¶3      Did the District Court abuse its discretion in excluding Tash's expert testimony while allowing Circle to present its non-complying expert testimony and other evidence at trial?

¶4      Did the District Court abuse its discretion in denying Tash's motion to compel discovery responses?

¶5      Did the District Court abuse its discretion in failing to grant a new trial?

## FACTUAL AND PROCEDURAL BACKGROUND

¶6      Circle and T & M Transporting are both Montana corporations and, respectively, have been in the seed and transportation brokerage businesses for many years.  Ronald Tash is T & M's president, and is a director and shareholder.  Patricia Tash, Ronald's wife, is vice president, and a director and shareholder.  Ronald and Patricia Tash are the sole shareholders and majority directors of T & M.

¶7     In August 1998, Circle and Tash entered into an oral contract under which Circle would purchase, clean and package specialty food grains and Tash would be responsible for marketing, brokering the transportation, and billing the customers.  Under the agreement, the parties developed a profit and expense sharing arrangement.

¶8     Circle claims that the business arrangement was a partnership.  Tash maintains that the parties did not enter into a written partnership agreement, or take any actions normally associated with forming a partnership, nor did they recognize the existence of a partnership when filing their tax returns.  Tash, however, in written correspondence with Circle, referred to the relationship between the parties as a partnership.  Patricia Tash, who signed the letter with her husband, later explained that they were not using the term "partnership" in its legal sense but rather as meaning a "working together" relationship.

¶9     In late 1999, the parties began to have business disagreements and Circle attempted to purchase T & M.  However, when negotiations failed, the Tashes sold T & M to a third party in May 2001.

¶10    Circle filed a complaint against Tash on August 27, 2001.  Judge Mark Guenther originally presided over the case.  Circle filed an amended complaint on September 3, 2002, and Tash filed its answer and counterclaim on October 4, 2002.  A scheduling conference was held on November 21, 2002, during which a scheduling order was issued.  Subsequently, Judge Guenther became seriously ill and recused himself.  Judge Loren Tucker assumed jurisdiction of the case in April 2003.

3

¶11    A jury heard the case from June 28 through July 2, 2004. The jury found that a partnership arrangement existed between the parties and that Tash breached the partnership agreement, its contract with Circle and its duties as sales agents for Circle. The jury also found that Tash had committed fraud, negligent misrepresentation and constructive fraud against Circle. By special verdict on July 2, 2004, the jury awarded Circle $656,179.50 in compensatory damages. Subsequently, the court entered judgment on July 7, 2004, adding to the jury's award exemplary and punitive damages and costs for a total award of $674,661.12.

¶12    Tash moved to alter or amend the judgment or, alternatively, for a new trial. Circle responded that Tash's motion did not comply with Rule 59, M.R.Civ.P., and moved to dismiss it. The District Court noted that Circle's post-trial motion, if granted, would have effectively precluded Tash from presenting the merits of its position for a new trial. The District Court denied Circle's motion to dismiss, and reviewed the merits of Tash's request for amendment or retrial. The court ultimately denied Tash's motion. Tash filed a timely appeal.

¶13    We will introduce further facts as they become relevant to our discussion of the issues Tash raises on appeal.

**STANDARD OF REVIEW**

¶14    For each of the issues Tash presents, we review the District Court's rulings for an abuse of discretion. The test for abuse of discretion is whether the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in

4

substantial injustice. *VonLutzow v. Leppek*, 2003 MT 214, ¶ 14, 317 Mont. 109, ¶ 14, 75 P.3d 782, ¶ 14.

## DISCUSSION

¶15 *Did the District Court abuse its discretion in excluding Tash's expert testimony while allowing Circle to present its non-complying expert testimony and other evidence at trial?*

¶16 The District Court held a scheduling conference on November 21, 2002, and issued its scheduling order on the same day. The order established a January 6, 2003, deadline for the simultaneous exchange and filing of expert witness lists and Rule 26(b)(4) expert disclosure reports, as well as the exchange and filing of lay witness and exhibit lists. The deadline set for identifying rebuttal expert witnesses was January 27, 2003. The order further specified that it "shall not be modified except by leave of the court upon a showing of good cause."

¶17 During December 2002, the parties, without notice to or leave from the court, informally agreed to extend certain deadlines established by the scheduling order. The parties maintain that the decision to modify the schedule informally, rather than through the court, occurred because Judge Guenther had been diagnosed with a serious illness. The parties felt that this informal modification of certain discovery and witness disclosure deadlines would allow the case to move forward but would not affect deadlines that involved the court, such as motion deadlines, the scheduled settlement conference and pretrial hearing. The parties' counsel signed a written agreement under which witness and exhibit lists and expert disclosure reports would be due on February 1, 2003, and rebuttal experts would be due on February 14, 2003.

¶18 Circle served its expert disclosure report on Tash on January 31, 2003, and its witness and exhibit lists on February 4, 2003. Tash served its witness and exhibit lists on February 25, 2003. Due to its continued difficulty locating and arranging for expert witness testimony, of which Tash kept Circle apprised, Tash served its expert witness disclosure report on March 12, 2003. On March 13, 2003, Tash moved to vacate the court's original scheduling order and enter an amended schedule allowing for limited expert depositions, extending the pretrial motions and settlement conference dates by sixty days, and scheduling a new pretrial conference at the court's earliest convenience. On March 25, Circle filed its objection to amending the scheduling order and a motion to strike Tash's expert on the grounds of untimeliness and inadmissibility.

¶19 On August 18, 2003, after Judge Tucker had assumed control of the case, the District Court granted Circle's motion to strike Tash's expert witness. The court based its decision on Tash's failure to file the expert disclosure in accordance with the deadline established in the original scheduling order, *i.e.*, by January 6, 2003. Significantly, the August 18 Order further provided:

> [Circle] has requested that [Tash's] expert be struck for failure to comply with the Court scheduling order. [Circle] is not immune from the requirements of the scheduling order either. To the extent that [Circle] wishes to rely on evidence to be presented which is not in compliance with the scheduling order, such evidence should not be received.
>
> Both sides should adhere to the scheduling order. To the extent that the parties have failed to abide by it, both parties should be prohibited from presenting evidence.

6

¶20     The court gave Tash through September 5, 2003, to object to evidence proposed to be offered by Circle which was not in compliance with the original scheduling order.  On August 29, Tash requested an extension of time until September 16 to file its objections, and the court granted the motion on September 4.  The record indicates that the order extending the time was served on Circle's counsel.

¶21     On September 11, 2003, Tash filed its objections to Circle's expert witness disclosure, lay witness list and exhibit list.  It based its objections exclusively on timeliness, relying on the District Court's August 18 Order and asserting that Circle failed to file its disclosure and lists by January 6, 2003.  On September 12, Circle responded to Tash's objection arguing that Tash had failed to file its objections by September 5, 2003; therefore, Circle argued, Tash's objections were untimely and should be denied.  Tash replied that its objection was timely and in accordance with the court's September 4 Order extending the deadline for objections to September 16.

¶22     On October 2, 2003, the court denied Tash's objection to Circle's expert witness disclosure, witness and exhibit lists on the grounds that it had not been filed by September 5.  Tash promptly requested reconsideration, providing copies of its motion requesting an extension of time and the court's order granting said request.  On October 31, 2003, the court issued an order agreeing that Tash had complied with the court's September 16 deadline, and apologizing for the court's error.  Nonetheless, the court summarily denied Tash's request for reconsideration.  As a result, Circle was allowed to present its expert witness at trial, and Tash was not.

7

¶23    While Circle presents numerous justifications for the District Court's decision to exclude Tash's expert witness, we are concerned here not with a stand-alone discretionary expert exclusion, but rather with an order of exclusion that conflicted with two previous orders of the court. The court's decision to exclude Tash's expert while allowing Circle's expert to testify directly contradicted both the court's Order of August 18 declaring that both parties would be precluded from offering late-disclosed expert testimony, *and* the court's September 4 Order giving Tash an extension of time to file its objections. Moreover, the end result of this decision was significant, as Circle's expert was unrebutted at trial.

¶24    While we recognize that district courts have broad discretion is determining what evidence will be allowed at trial, that discretion nonetheless is not unlimited and must be exercised in such a manner as to afford a fair trial to all parties. *Hulse v. State, Dept. of Justice*, 1998 MT 108, ¶ 15, 289 Mont. 1, ¶ 15, 961 P.2d 75, ¶ 15. In light of the court's previous orders, we conclude the District Court abused its discretion in excluding Tash's expert for untimely disclosure, while allowing Circle's expert to testify. Under these circumstances, either both experts should have testified, or neither should have been allowed to do so. We therefore reverse the District Court's refusal to allow Tash's expert to testify, while denying Tash's motion to strike Circle's expert, and the court's denial of Tash's motion for reconsideration of this issue.

¶25    *Did the District Court abuse its discretion in denying Tash's motion to compel discovery responses?*

¶26 In October 2002, Tash requested production of various corporate documents from Circle, including but not limited to Circle's Articles of Incorporation; its bylaws; the minutes of directors' and shareholders' meetings; copies of pension, profit-sharing and other retirement plans; and various other employment records detailing compensation paid, withholdings for social security, state and federal income taxes, and amounts paid to unemployment and worker's compensation insurance. On November 2, 2002, Circle produced the Articles of Incorporation but objected to producing the remaining documents on the grounds that the information requested was not relevant and would not lead to relevant information. Additionally, it objected to the production of employee records as burdensome.

¶27 In September 2003, Tash moved to compel production, arguing that corporate documents could provide information which would refute Circle's claim that a partnership existed between Circle and Tash. On October 21, 2003, the District Court denied Tash's motion, citing Circle's concession that it had in its possession no corporate or employee records that contained evidence of the existence of a partnership between the parties. The court concluded that Circle's admission eliminated the need for discovery.

¶28 At the conclusion of the trial, the jury found that a partnership existed between Circle and Tash.

¶29 Tash argues on appeal that the District Court abused its discretion in denying its motion to compel. It maintains that under Rule 26, M.R.Civ.P., and related case law, the court should have granted its motion under the assumption that the discovery request was appropriate. Circle counters that some of the information requested, in addition to being

9

irrelevant and burdensome, was private and confidential. We note that while Circle made a fleeting reference to "private and confidential employment records" before the District Court, it did not argue against the production of any documents on these grounds. Additionally, the court's order made only a passing reference to "privacy issues," as it concluded that "more importantly" than privacy considerations, there was no demonstrated need for the discovery because Circle had already represented that there were no relevant documents.

¶30 Rule 26(b)(1), M.R.Civ.P., states, in relevant part, that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

¶31 In accordance with Rule 26, we expressly stated in *Preston v. MT 18th Judicial Dist. Court,* (1997), 282 Mont. 200, 208, 936 P.2d 814, 819, that "discovery requests are to be construed broadly in favor of disclosing any information tending to lead to admissible evidence. Whether that evidence is admissible is for the court to decide at trial . . . ." Here, Tash complains that at trial, Circle relied upon documents encompassed within its denied discovery requests to support its contention that a partnership existed. Circle offered details of its profit- and expense-sharing arrangements, as well as other business records purporting to establish the existence of a partnership. Because these records had been denied to Tash,

10

Tash was unprepared at trial to either challenge Circle's interpretations of these records, or adequately examine or cross-examine witnesses relying on them.

¶32    We have held that information that may be used by a party for either direct or cross-examination of witnesses must be supplied prior to trial upon a proper request for discovery. *Hobbs v. Pacific Hide and Fur Depot* (1989), 236 Mont. 503, 512, 771 P.2d 125, 130-31.  In the case before us, Tash was denied access to requested corporate information that was ultimately used or could have lead to information used by Circle during the trial.  As we stated in *Hobbs*, "[t]he objective of the District Court in controlling and regulating discovery is to insure a fair trial to all concerned, neither according one party an unfair advantage nor placing the other at a disadvantage."  *Hobbs*, 236 Mont. at 512, 771 P.2d at 131.

¶33    Based upon the foregoing, we conclude it was an abuse of discretion for the District Court to deny Tash's motion to compel.

¶34    *Did the District Court abuse its discretion in failing to grant a new trial?*

¶35    In light of our conclusion that the District Court abused its discretion both with respect to the expert testimony and the denial of discovery, we conclude that Tash is entitled to a new trial.  Therefore, we need not reach this final issue.

11

¶36    For the foregoing reasons, we vacate the judgment against Tash and reverse and remand this matter for retrial.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ BRIAN MORRIS

Justice John Warner concurs and dissents.

¶37    I concur in the Court's opinion that it was an abuse of discretion for the District Court to deny Tash's motion to compel, and that this abuse of discretion requires that the judgment against Tash be vacated and this matter reversed and remanded for retrial.  I do not agree with the Court's conclusion that the District Court abused its discretion in excluding Tash's expert for untimely disclosure, while allowing Circle's expert to testify.

¶38    In discussing this issue, the Court notes in ¶ 21 that Tash based his objections to Circle's expert witness disclosure, lay witness list and exhibit list exclusively on timeliness in reliance on the District Court's August 18 order.  However, in moving to strike Tash's expert, Circle based its objections in terms of both timeliness and substance.

¶39    Tash desired to call an expert witness to opine that a partnership did not exist.  In its August 18 order, the District Court did not refer only to timeliness, but explained:

12

Moreover, the Court is not persuaded that Defendants' position is sound in substance. In this case, the determination of the existence of a partnership is essentially a conclusion of law to be drawn from the facts. The example noted in [*Heltborg v. Modern Machinery* (1990), 244 Mont. 24, 29, 795 P.2d 954, 956-57] is instructive. If a disclosure had been made timely, perhaps the expert could testify as to comparison of the businesses with which the expert may have been familiar. However, in this case, the existence or non-existence of a partnership is one of the ultimate conclusions which the jury would have to determine. Further, it appears that the jury can be properly instructed on the attributes of a partnership. Then the jury can determine whether a partnership exists. The Court has no doubt that the parties can suggest proper instructions for that purpose.

¶40    At trial, Circle called a single expert, who testified only concerning damages. This witness did not state an opinion as to whether the relationship between Circle and Tash constituted a partnership, and he declined to do so during cross-examination.

¶41    As the Court correctly notes in ¶ 24, district courts have broad discretion in determining what evidence will be allowed at trial, and that such discretion must be exercised in such a manner as to afford a fair trial to all parties. *Hulse*, ¶ 15. I cannot agree with the Court's decision that either both experts should have testified or neither should have been allowed to. Given the difference in objections made by the parties, and the difference in expertise of the witnesses, I would conclude that the District Court's decision to allow Circle's expert to testify while not allowing Tash's expert to testify falls within its broad discretion. *State v. Boettiger*, 2004 MT 313, ¶ 8, 324 Mont. 20, ¶ 8, 101 P.3d 285, ¶ 8. I dissent from the Court's conclusion to the contrary.

/S/ JOHN WARNER

13