JUSTICE WARNER
concurs and dissents.
¶37 I concur in the Court’s opinion that it was an abuse of discretion for the District Court to deny Tash’s motion to compel, and that this abuse of discretion requires that the judgment against Tash be vacated and this matter reversed and remanded for retrial. I do not agree with the Court’s conclusion that the District Court abused its discretion in excluding Tash’s expert for untimely disclosure, while allowing Circle’s expert to testify.
¶38 In discussing this issue, the Court notes in ¶ 21 that Tash based his objections to Circle’s expert witness disclosure, lay witness list and exhibit list exclusively on timeliness in reliance on the District Court’s August 18 order. However, in moving to strike Tash’s expert, Circle based its objections in terms of both timeliness and substance.
¶39 Tash desired to call an expert witness to opine that a partnership did not exist. In its August 18 order, the District Court did not refer only to timeliness, but explained:
Moreover, the Court is not persuaded that Defendants’ position is sound in substance. In this case, the determination of the existence of a partnership is essentially a conclusion of law to be drawn from the facts. The example noted in [Heltborg v. Modern Machinery (1990), 244 Mont. 24, 29, 795 P.2d 954, 956-57] is instructive. If a disclosure had been made timely, perhaps the expert could testify as to comparison of the businesses with which the expert may have been familiar. However, in this case, the existence or non-existence of a partnership is one of the ultimate conclusions which the jury would have to determine. Further, it appears that the jury can be properly instructed on the attributes of a partnership. Then the jury can determine whether a partnership exists. The Court has no doubt that the parties can suggest proper instructions for that purpose.
¶40 At trial, Circle called a single expert, who testified only concerning damages. This witness did not state an opinion as to whether the relationship between Circle and Tash constituted a partnership, and he declined to do so during cross-examination.
¶41 As the Court correctly notes in ¶ 24, district courts have broad discretion in determining what evidence will be allowed at trial, and *85 that such discretion must be exercised in such a manner as to afford a fair trial to all parties. Hulse, ¶ 15.1 cannot agree with the Court’s decision that either both experts should have testified or neither should have been allowed to. Given the difference in objections made by the parties, and the difference in expertise of the witnesses, I would conclude that the District Court’s decision to allow Circle’s expert to testify while not allowing Tash’s expert to testify falls within its broad discretion. State v. Boettiger, 2004 MT 313, ¶ 8, 324 Mont. 20, ¶ 8, 101 P.3d 285, ¶ 8.1 dissent from the Court’s conclusion to the contrary.