DA 09-0669

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 183N

IN RE:

## THE ESTATE OF ROBERT CHARLES BOTHAMLEY

APPEAL FROM:     District Court of the Ninteenth Judicial District,
In and For the County of Lincoln, Cause No. DP 07-046
Honorable Michael C. Prezeau, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Scott G. Hilderman, Kai Groenke; Johnson, Berg, McEvoy & Bostock, PLLP; Kalispell, Montana (Cynthia Zimmerman)

For Cross Appellant:

Dean D. Chisholm; Chisholm & Chisholm; Columbia Falls, Montana (Pamela Bisson)

For Appellee:

Darin K. Westover; Law Office of George B. Best; Kalispell, Montana (Carolyn Norstebon)

Submitted on Briefs:  July 21, 2010

Decided:  August 17, 2010

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Appellant Cynthia Zimmerman (Zimmerman) and Cross Appellant Pamela Bisson (Bisson) appeals the decision of the Nineteenth Judicial District Court. Zimmerman argues that the court erred in concluding that Appellee Carolyn Norstebon (Norstebon) and Decedent Robert Charles Bothamley (Bothamley) were married at the time of Bothamley's death. Zimmerman also argues on appeal that the District Court abused its discretion by admitting an address book into evidence shortly before the trial began.

¶3    We review a district court's findings of facts to determine whether they are clearly erroneous. *In re the Estate of Alcorn*, 263 Mont. 353, 355, 868 P.2d 629, 630 (1994). A finding of fact is clearly erroneous if it is not supported by substantial evidence, if the district court misapprehended the effects of the evidence or if our review of the record convinces us the district court made a mistake. *In re the Marriage of Swanner-Renner*, 2009 MT 186, ¶ 13, 351 Mont. 62, 209 P.3d 238. We review a district court's conclusions to determine whether the district court's interpretation of law is correct. *Alcorn*, 263 Mont. at 355, 868 P.2d at 630. Lastly, we review evidentiary rulings for an

2

abuse of discretion. *Stevenson v. Felco Industries, Inc.*, 2009 MT 299, ¶ 16, 352 Mont. 303, 216 P.3d 763.

¶4 The District Court held that Norstebon had proved by a preponderance of the evidence the elements necessary to establish that she and Bothamley were in a common law marriage at the time of Bothamley's death. We have reviewed the District Court's Conclusions of Law and hold that it correctly interpreted the law of common law marriage under § 40-1-403, MCA, and our own pertinent precedent. The District Court heard testimony from 28 witnesses and received 83 exhibits regarding the nature of Norstebon and Bothamley's relationship under the factors necessary to prove the existence of a common law marriage. *See In re Ober*, 2003 MT 7, ¶ 9, 314 Mont. 20, 62 P.3d 1114. We find no indication that the District Court's Findings of Fact were not supported by substantial evidence, that the District Court misapprehended the evidence's effects or that the District Court made a mistake.

¶5 Lastly, we consider whether the District Court abused its discretion in admitting the address book. We review the admission of this evidence to determine whether the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. *Circle S Seeds of Montana, Inc. v. T & M Transporting, Inc.*, 2006 MT 25, ¶ 14, 331 Mont. 76, 130 P.3d 150. The District Court heard testimony regarding how Norstebon only recently found the address book in an unexpected location in the home. The District Court considered the parties' arguments regarding the late disclosure of this evidence. In reviewing the District Court's decision to admit the evidence, we find nothing indicating that the court acted arbitrarily without

3

conscientious judgment or exceeded the bounds of reason resulting in substantial injustice.

¶6     We have determined to decide this case pursuant to Section I, Paragraph 3(d)(v) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions.

¶7     Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT